Argued and submitted September 15, affirmed and
remanded December 1, 1980, reconsideation denied January 22,
petition for review denied February 24, 1981 (290 Or 519)

STATE OF OREGON,
*Respondent,*
*v.*
RICHARD EDWARD LAKE,
aka Richard Edward Eichler,
*Appellant.*

(No. 10-79-11464, CA 17477)

STATE OF OREGON,
*Respondent,*
*v.*
RICHARD EDWARD EICHLER,
*Appellant.*

(No. 10-79-11268, CA 17478)

619 P2d 1332

Ernest E. Estes, Deputy Public Defender, Salem, argued
the cause for appellant. With him on the brief was Gary D.
Babcock, Public Defender, Salem.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Defendant appeals the sentences imposed in two separate cases which were consolidated for appeal.

He was charged in two separate indictments. In the first he was accused of three counts of unauthorized use of a motor vehicle and one count of attempting to elude a police officer. In the second he was charged with burglary in the second degree. Defendant stipulated to the acts charged on one count of unauthorized use of a motor vehicle, attempting to elude an officer and burglary in the second degree. In a trial to the court, defendant was found guilty of the stipulated charges; the remaining charges were dismissed.

Defendant was sentenced to time served (120 days) for the conviction of attempting to elude an officer and five years on the unauthorized use of a motor vehicle conviction; restitution of $7,000 and costs of $271.48 were also imposed. He was sentenced to five years imprisonment for burglary in the second degree, and that sentence was ordered to be served consecutively to the sentence imposed under the first indictment.

■    Defendant first assigns as error the failure of the court to hold a hearing on the amount of restitution and failing to establish a schedule of payments. If a defendant disputes the amount of restitution, he is entitled to be heard on that issue at the time of sentencing. ORS 137.106(3) provides:

> "If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow him to be heard on such issue."

Ordinarily, however, defects in the terms of restitution are waived by failure of the defendant to make timely objection pursuant to the statute. *State v. Miller,* 44 Or App 625, 606 P2d 689 (1980). In this case defendant did not request a hearing to contest the restitution order. In the absence of an objection at the time of sentencing the defendant waived his challenge to the order. *State v. Keys,* 41 Or App 379, 597

P2d 1266 (1979); *State v. Ivie,* 38 Or App 453, 590 P2d 741 (1979).[1]

■     Defendant also assigns as error the assessment of costs. He challenges that portion of the costs attributable to the two counts of unauthorized use of a motor vehicle for which he did not admit responsibility and which were dismissed. The court in its discretion may require a convicted defendant to pay costs. ORS 161.665(1). ORS 161.665(2) provides that a defendant may be assessed expenses "specially incurred by the state in prosecuting the defendant," but here costs totalling $23.12 were assessed against defendant which were attributable to the two counts of unauthorized use of a motor vehicle which were not prosecuted to a conviction. *Cf. State v. Braughton,* 28 Or App 891, 561 P2d 1040 (1977); *State v. Armstrong,* 44 Or App 219, 605 P2d 736, *rev den* 289 Or 45 (1980). On remand the court will strike $23.12 from the cost bill.

Finally, defendant questions the authority of the court to impose consecutive sentences. That issue has been decided against defendant in *State v. Jones,* 250 Or 59, 440 P2d 374 (1968); *see also Ventura v. Cupp,* 44 Or App 296, 605 P2d 1221 (1980).

Affirmed and remanded for correction of the judgment.

---

[1] At the time of sentencing the prosecutor indicated to the court that the insurance company paid $5,000 to the victim and that "it looks to me like $5,000 is a more accurate figure than $7,000." The court ordered $7,000 in restitution. Defendant did not contradict the $7,000 amount, nor did he argue that $5,000 represented a more accurate figure.