Argued and submitted September 12, decision of the Court of Appeals and judgment of the circuit court affirmed December 16, 1994

STATE OF OREGON,
*Respondent on Review,*

*v.*

HARRY JAMES MARTIN,
*Petitioner on Review.*

(CC 10-91-01685; CA A73378; SC S41230)

887 P2d 782

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for petitioner. Irene B. Taylor, Deputy Public Defender, and Sally L. Avera, Public Defender, filed the petition for petitioner.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent.

GILLETTE, J.

## GILLETTE, J.

In this criminal case, the sole issue before this court is the appellate reviewability of defendant's sentence.

Defendant pleaded no contest to sodomy in the first degree and sexual abuse in the first degree. Defendant's plea agreement was conditioned on a trial judge's agreement to sentence defendant at the crime seriousness level of 8 under the sentencing guidelines on both counts. Other charges against defendant were dismissed.

Defendant was sentenced for both offenses during a single proceeding. The judge first pronounced sentence on the sodomy count under grid block 8-I of the sentencing guidelines. The judge then took into account the sodomy conviction, adjusted defendant's criminal history score to "D," and pronounced sentence for the sexual abuse count under grid block 8-D of the guidelines. Defendant was sentenced to 20 months on the sodomy count and 28 months on the sexual abuse count, to be served consecutively. Defendant appealed, claiming that the sentence on the sexual abuse count was in error, due to an improper adjustment of his criminal history score between the sentencing for sodomy and the sentencing for sexual abuse. The state moved for summary affirmance on the ground of lack of reviewability under ORS 138.222(2)(a) and (d) (1989). The Court of Appeals summarily affirmed the judgment of the sentencing court on that ground. We allowed review to determine whether defendant's claim was reviewable under ORS 138.222(2)(a) and (d). We now conclude that it was not and, therefore, affirm the decision of the Court of Appeals.

■      As in *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), defendant's claim of error was pending before the Court of Appeals when ORS 138.222(2)(d) (1993), set out *post*, became effective. And, as in *Kephart*, we hold that the amended statute applied to defendant's appeal as of the effective date of the statute. *See State v. Kephart, supra,* 320 Or at 439 (discussing applicability of amended statute).

■      As in *State v. Kephart*, this defendant cannot be said to have made a "stipulated sentencing agreement" as provided in ORS 138.222(2)(d) (1993). Defendant's agreement does not comport with any of the types of stipulations set out

in ORS 135.407. *See State v. Kephart, supra,* 320 Or at 440-41 (discussing interpretation and application of ORS 138.222(2)(d) 1993)). Unlike *State v. Kephart,* in this case ORS 138.222(2)*(a),* precluded the Court of Appeals' review. ORS 138.222 (1993) provides in part:

"(2)   On appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court shall not review:

"(a)   Any sentence that is within the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board.

"* * * * *

"(d)   Any sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record."

Defendant challenges only the sentence on the sexual abuse count, and that sentence is within the presumptive sentence range for the 8-D grid block. *If that grid block is correct,* defendant's sentence is not reviewable under ORS 138.222-(2)(a). The state argues that, under this court's decisions in *State v. Miller,* 317 Or 297, 300-02, 855 P2d 1093 (1993), and *State v. Bucholz,* 317 Or 309, 855 P2d 1100 (1993), defendant's 8-D grid block is proper. We agree.

The charges of sodomy and sexual abuse against defendant were brought in one indictment. The *Miller* decision is directly on point. We there said:

"The happenstance of whether charges are made by separate indictments or together in one indictment does not alter the effect or the analysis of the legislatively adopted criminal history rule that we described in *Bucholz.* We hold that the rule for calculating criminal history, OAR 253-04-006(2), applies equally where acts from unrelated criminal episodes are combined in one proceeding and where sentences for the separate, unrelated acts are separately imposed, albeit in the same session of court and on the same day, regardless of whether the proceeding arises under one indictment or under two or more."

*Miller, supra,* 317 Or at 301-02. In *State v. Bucholz, supra,* 317 Or at 313-14, this court said:

"The crimes for which defendant was sentenced were committed one month and eight days apart, so that the first

crime is separate and distinct from the second. Defendant was sentenced for the first crime, theft, before he was sentenced on the second crime, delivery of drugs to a minor. Nonetheless, defendant contends that the first conviction may not be counted as part of his criminal history applicable to the second.

"* * * * *

"[T]he text of [OAR 253-04-006(2)] permits consideration of any previous conviction occurring before 'the time the current crime * * * is sentenced.' Read literally, the sentence for the theft was imposed before the sentence for drug delivery was imposed, albeit only a short time before. Nothing in the wording of the criminal history rule excludes consideration of the conviction for a separately occurring crime merely because the two separate crimes are sentenced on the same day and in the same session of court."

The crimes to which defendant pleaded no contest were committed on November 15, 1989, and April 15, 1990. They were separate acts, committed against the same victim, five months apart. They were not committed as part of a "single criminal episode," as this court used that term in *Miller* and *Bucholz*. We therefore hold that defendant's criminal history score *could* be upwardly adjusted before he was sentenced on the sexual abuse count.

There is no dispute that the appropriate criminal history score for a defendant with a prior conviction for sodomy in the first degree is "D." That is the score for any defendant with one "person felony" conviction. There also is no dispute that the appealed sentence was within the presumptive range for grid block 8-D under the Sentencing Guidelines.

We hold that defendant's appeal was not reviewable by the Court of Appeals under ORS 138.222(2)(a).

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.