Submitted on remand from the Oregon Supreme Court March 3, remanded for
resentencing; otherwise affirmed April 26, 1995

STATE OF OREGON,
*Respondent,*

*v.*

CHEYENNE HENNINGS,
*Appellant.*

(35193C; CA A79169)

894 P2d 1192

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

The Supreme Court has remanded this case, 320 Or 500, 887 P2d 788 (1995), for reconsideration in the light of *State v. Kephart*, 320 Or 443, 887 P2d 774 (1994), and *State v. Martin*, 320 Or 448, 887 P2d 782 (1994). We determine that defendant's claim of error is reviewable and remand for resentencing.

Pursuant to a plea bargain, defendant pled guilty to theft and to two counts of unlawful delivery of a controlled substance. The state dismissed the remaining charges of the eight-count indictment. On one count of delivery, the parties reserved for hearing the allegations that would establish the delivery offense as a commercial drug offense. Defendant waived jury on those allegations.[1] After the hearing, the trial court found that the state had proved that the offense was a commercial drug offense and sentenced defendant on that conviction as a category 8 offense.

Defendant's claim of error is that the evidence was not sufficient to support the trial court's finding of a commercial drug offense. Under the agreement, defendant did not plead guilty to the sentence enhancing factors for a commercial drug offense. His sentence was not a "stipulated sentence" for which review is precluded by ORS 138.222(2)(d). *Kephart*, 320 Or at 447.

Defendant was charged following an October 2, 1992, sale of marijuana to Kenneth Patrick, an undercover agent for the police. Defendant had told Patrick that Lou and Tina Street, relatives of defendant, sold large quantities of marijuana, and defendant set up a transaction for Patrick to purchase marijuana from the Streets. Defendant accompanied Patrick to the Streets' residence and was in the room during the transaction, but he did not personally participate in the exchange. The marijuana that Patrick purchased was packaged in plastic sandwich bags. Defendant was wearing stolen tennis shoes at the time of the transaction and, at around that same time, he sold Patrick stolen jewelry. The shoes and jewelry came from a burglary that had occurred on

---

[1] Sentencing-enhancing factors, if not admitted, must be proved to the trier of fact. *State v. Moeller*, 105 Or App 434, 439, 806 P2d 130, *rev dismissed* 312 Or 76 (1991).

October 3 and was not related to the drug transaction. Defendant admitted that he had arranged several drug sales for the Streets but denied benefitting financially from the sales, claiming that he had been given drugs.

On October 9, the police executed a search warrant of the Streets' residence and also of defendant's residence. In defendant's residence, they found cigarette papers in his bedroom. One officer testified that another officer had told him that "they found some baggies, I think, in a closet." Patrick had been in defendant's residence around the time of the transaction. He had seen mirrors "of the size and nature of using them for the consumption of methamphetamine" and cigarette papers "used for rolling tobacco and marijuana."

ORS 475.992 provides that "it is unlawful for any person to manufacture or deliver a controlled substance." Under ORS 475.996(1)(b), a violation of ORS 475.992 is elevated to crime category 8 if

> "[t]he violation constitutes possession, delivery or manufacture of a controlled substance and the possession, delivery or manufacture is a commercial drug offense. A possession, delivery or manufacture is a commercial drug offense for purposes of this subsection if it is accompanied by at least three of the following factors:
>
> "(A)  The delivery was of * * * marijuana * * * and was for consideration;
>
> "* * * * *
>
> "(D)  The offender was in possession of materials being used for the packaging of controlled substances such as scales, wrapping or foil, other than the material being used to contain the substance that is the subject of the offense;
>
> "* * * * *
>
> "(F)  The offender was in possession of stolen property."

Defendant admitted that the delivery was for consideration. He argues that the other factors found by the trial court are not supported by the evidence. He contends that, because ORS 475.996 makes delivery a commercial drug offense "if it is accompanied" by at least three of the factors, the statute is unambiguous in requiring that the factors have

a connection with the charged drug offense. He argues that the legislative history of ORS 475.996 further supports the conclusion that the factors must somehow be related to the drug offense and not just exist contemporaneously with it.

Defendant contends that the evidence here does not show the required link to a larger enterprise. He argues that the evidence that he possessed cigarette rolling papers in his home at some point before and after the transaction is not evidence that: (1) he possessed the papers at the time of the transaction; (2) the papers were actually being used for packaging controlled substances; and (3) the papers were somehow associated with or connected to the charged offense.

The state agrees that the legislature clearly did not intend to elevate a drug crime based on a defendant's "innocuous possession of sandwich bags and aluminum foil," but argues that the legislature also did not intend the state to have to prove that the factors are factually related to a defendant's commission of the underlying drug offense.

We need not determine the extent to which the ORS 475.996(1)(b) factors that "accompany" a violation of ORS 475.992 must be related to the underlying offense. There was insufficient evidence here to support a finding that the cigarette papers were being used for packaging controlled substances, whether or not the substances were those of the underlying offense.

When reviewing the sufficiency of evidence for a conviction, we take the

> "decided facts together with those facts about which there is no conflict and determine whether the inferences that may be drawn from them are sufficient to allow the jury to find defendant's guilt beyond a reasonable doubt." *State v. King*, 307 Or 332, 339, 768 P2d 391 (1974).

Under ORS 475.996(1)(b)(D), the offender must be "in possession of materials *being used* for the packaging of controlled substances * * *." (Emphasis supplied.) There was no direct evidence that defendant was using the cigarette papers for that purpose. An officer testified that "[c]igarette papers were found, two packs of papers used for rolling marijuana joints" and that "when people sell joints, that's the way they sell them." Patrick testified that, at some unspecified time in

defendant's apartment, he had seen cigarette papers "in the back bedroom on the water heater" that "were used for rolling tobacco and marijuana." However, neither the officer nor Patrick gave the factual basis for stating that the cigarette papers were used for rolling joints, nor did they testify that defendant actually used the papers for that purpose.

Because there was no direct evidence that defendant was in possession of materials "being used" to package marijuana, any finding that they were depends on an inference. In *State v. Rainey*, 298 Or 459, 466, 693 P2d 635 (1985), the Supreme Court explained:

> "When, on a motion for judgment of acquittal, an inferred fact is used to establish an element of the offense or negate a defense, the jury may be left free to infer that fact only when two requirements are satisfied: (1) sufficient evidence has been offered of the existence of the fact(s) giving rise to the inference to allow a rational factfinder to find the underlying fact(s) beyond a reasonable doubt; and (2) a rational factfinder could find that the inferred fact follows more likely than not from the fact(s) giving rise to the inference. *When, however, the inferred fact is the sole basis for finding the existence of an element of the crime, a third restraint comes into play. In order to meet the requirement of proof of each element of the crime beyond a reasonable doubt the jury must be convinced that the inferred fact follows beyond a reasonable doubt from the underlying fact(s)."* (Emphasis supplied.)

*See also State v. Bauer*, 128 Or App 598, 876 P2d 802 (1994).

Here, the inferred fact—that the papers were being used to package controlled substances—was the sole basis for finding the factor. The trial court, itself, did not make the inference to support that finding. It found that defendant "was definitely in possession of cigarette papers and that's used commonly * * * to package drugs for sale."[2] That is a finding about the generalized practice of drug traffickers, but it is not a finding that defendant was using the materials to package marijuana. Just as the trial court could not, we also cannot say beyond a reasonable doubt that the inference that

---

[2] The court declined to find that defendant was in actual or constructive possession of any of the items found in the Streets' residence during execution of the search warrant.

the papers were being used for that purpose follows from the underlying fact that cigarette papers were present in defendant's bedroom at various times.

Because three factors were not proved, as required by ORS 475.996, it follows that the court erred in classifying defendant's conviction as a category 8 offense. We need not discuss defendant's argument that possession of stolen tennis shoes also does not support a finding under ORS 475.996(1)(b)(F).

Remanded for resentencing; otherwise affirmed.