Submitted on remand from the Oregon Supreme Court January 27, affirmed April 26, petition for review denied June 20, 1995 (321 Or 284)

# STATE OF OREGON,
*Respondent,*

*v.*

# BENJIE ALLEN REEVES,
*Appellant.*

## (10-91-05359; CA A77961)

894 P2d 1170

Sally L. Avera, Public Defender, and David K. Allen, Deputy Public Defender, filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

This case is on remand from the Oregon Supreme Court for reconsideration in light of *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), and *State v. Martin*, 320 Or 448, 887 P2d 782 (1994). We affirm.

Defendant was charged by indictment with eight felonies. Pursuant to a plea agreement, he pleaded guilty to felony murder, ORS 163.115(1)(b)(G), robbery in the first degree, ORS 164.415, kidnapping in the first degree, ORS 163.235, and assault in the second degree, ORS 163.175-(1)(b). The state dismissed the other four charges and the parties stipulated to the applicable grid blocks for sentencing. The sentencing court imposed upward departure sentences on the robbery and kidnapping convictions and ordered them to be served consecutively.

Defendant appealed and we affirmed from the bench. 128 Or App 697, 877 P2d 677 (1994). Defendant sought review. The Supreme Court vacated our decision and remanded for reconsideration in light of *Kephart* and *Martin*. In those cases, the Supreme Court discussed the circumstances under which a sentence imposed pursuant to a plea agreement could be reviewed under ORS 138.222(2)(d), and said that a sentence is reviewable under that statute unless it is a " 'stipulated sentence[]' as illustrated in ORS 135.407." *Kephart*, 320 Or at 447. *See also Martin*, 320 Or at 450.

■ Here, defendant argues that we may review the trial court's imposition of a departure sentence and its order that defendant's convictions be served consecutively. We agree. Because defendant did not specifically accede to a departure sentence or agree that some of his sentences would be served consecutively, we may review that part of defendant's sentence. ORS 138.222(2)(d). *Kephart*, 320 Or at 446; *State v. Barrett*, 134 Or App 162, 894 P2d 1183 (1995).

■ We first consider defendant's assignment that the trial court erred in imposing a departure sentence. For any felony committed on or after November 1, 1989, the presumptive sentence must be imposed, subject to judicial discretion to deviate from that sentence for substantial and compelling reasons. *State v. Wilson*, 111 Or App 147, 149, 826 P2d 1010 (1992); OAR 253-08-001. Our review is of the sentencing

court's factual basis and reasons for the departure. ORS 138.222(3); *Wilson*, 111 Or App at 149.

■        Defendant argues that the trial court erred in relying on OAR 253-08-002(1)(b)(D), which allows a departure sentence if the defendant's history shows a "persistent involvement in * * * repetitive assaults" unrelated to the underlying crime. At the conclusion of the sentencing hearing, the trial court made these findings:

> "[B]ased upon the evidence that has been presented, there are substantial and compelling reasons to depart upward, and the Court does so based upon the repetitive assaults that [defendant] has been engaged in over a long period of time, which include the assaultive behavior in Ohio that is detailed in the sentencing memorandum filed on behalf of the defendant. It includes the assaultive behavior he engaged in Florida in the brick throwing incident. It includes the assaultive behavior that he has engaged in while he's been incarcerated, all of which I believe are substantial and compelling reasons for the Court to depart upward."

Defendant argues that the Ohio "incidents" were not "assaultive," and that without them, there was insufficient evidence that his conduct was persistent. We reject those arguments. Each incident of assaultive behavior relied on by the trial court is supported by the record. We agree with the trial court that the aggravating factor of OAR 253-08-002(1)(b)(D) "showed exceptional circumstances." *Wilson*, 111 Or App at 152. The trial court did not err in imposing a departure sentence.

■        Defendant's next assignment is that the sentences on his kidnapping and robbery convictions should have been concurrent with, and not consecutive to, the sentence imposed on the felony murder conviction. ORS 137.123 provides, in part:

> "(4)   The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

> "(a)   That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an

indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course or conduct."

Defendant argues, without any support by reference to the voluminous sentencing record, that the robbery and kidnapping were merely "incidental" to the felony murder. We disagree.

In imposing the consecutive sentences, the trial court concluded:

"Each sentence is consecutive to the other, because each sentence reflects a sentence for a different criminal act. Each act created either a different loss or a different risk of loss or a different harm or a different degree of harm."

That conclusion is supported by the record. Defendant hit the victim on the head with a metal pipe. He and his associates then dragged the victim to a more remote location, where they murdered him and then took his possessions. The trial court did not abuse its discretion by imposing consecutive sentences.

Affirmed.