On appellant's *motions to reactivate case and for reconsideration* filed January 25, motions allowed; previous opinion (131 Or App 266, 884 P2d 588) vacated; remanded for entry of corrected judgment May 17, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## TRAVIS EUGENE DAVIS,
*Appellant.*

### (92CR944; CA A79002)

895 P2d 1374

Steven V. Humber, Deputy Public Defender, for motion.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Kaye E. Sunderland, Assistant Attorney General, *contra*.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant seeks review of the trial court's sentence imposed for his conviction for theft in the first degree in Case No. 92-CR-944. Specifically, defendant argues that the sentencing court exceeded its authority in requiring him to pay the costs of investigation incurred in Case No. 92-CR-891. That case was dismissed as part of the plea agreement in this case.

On November, 2, 1994, we issued a *per curiam* opinion affirming the sentence on the ground that defendant's sentence was not reviewable. *State v. Davis*, 131 Or App 266, 884 P2d 588 (1994). On November 4, 1994, defendant requested that we hold the case in abeyance pending the Supreme Court's decisions in *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), and *State v. Martin*, 320 Or 448, 887 P2d 782 (1994). We granted defendant's motion. On December 16, 1994, the Supreme Court issued decisions in those cases. Defendant now moves for reactivation and reconsideration of this case. We allow both motions.

Defendant argues that, under the Supreme Court's decisions in *Kephart* and *Martin*, his claim in this case is reviewable and that we should reconsider and reverse our earlier decision. The state relies on those same cases to contend that defendant's claim is not reviewable.

In this case, defendant pleaded guilty to count 1 of the indictment, charging theft in the first degree. In exchange, the state agreed to dismiss count 2 of the indictment, which charged defendant with theft in the second degree. It also agreed to dismiss a charge of theft in the second degree in Case No. 92-CR-891. The plea agreement includes a provision that states:

> "I understand * * * the Oregon Sentencing Guidelines will be [followed] in my case: There has been an agreement between myself, my attorney and the District Attorney that I will receive probation with a maximum of 90 custody units and 30 being the maximum number of jail days which may be imposed."

The trial court imposed the agreed-upon sentence, based on defendant's grid block of 2-C. The costs of the investigation

from Case No. 92-CR-891, which defendant seeks to challenge, were imposed as part of the conditions of defendant's probation.

■     As the Supreme Court held in *Kephart*, ORS 138.222(2)(d) precludes review of any sentence resulting from a stipulated sentencing agreement "as illustrated in ORS 135.407." One type of stipulated sentencing agreement described in ORS 135.407 is:

> "(4) The district attorney and defendant may stipulate to a specific sentence within the presumptive range provided by rules of the State Sentencing Guidelines Board for the stipulated offender classification. If the sentencing judge accepts the plea agreement, the judge shall impose the stipulated sentence."

The provision in the plea agreement, quoted above, in which defendant and the state agree to defendant's sentence, clearly comes within the type of stipulated sentence agreement described in ORS 135.407(4).

Defendant argues, however, that ORS 138.222(2)(d), as interpreted by *Kephart*, does not preclude review of that portion of the sentence that he seeks to challenge here, because his complaint relates to a matter that he did not agree to as part of the stipulated agreement. Therefore, he asserts, that portion of the sentence is reviewable. We agree.

■     The Supreme Court's decision in *Kephart* does not directly address the question presented here; namely, whether all aspects of a sentence that result from a "stipulated sentencing agreement" are unreviewable, even those aspects to which the defendant did not stipulate. However, the court's discussion in *Kephart* of the legislative history and the apparent intent of the legislature in amending ORS 138.222(2)(d) leads us to conclude that the statute does not preclude review of portions of a sentence that are not part of a stipulated sentencing agreement. In *Kephart*, the court concluded that the legislative purpose in amending ORS 138.222-(2)(d) was to preserve the result in *State v. Adams*, 315 Or 359, 847 P2d 397 (1993), and to reverse the result in our decision in *State v. Kilborn*, 120 Or App 462, 852 P2d 935 (1993), and the cases that followed *Kilborn*. As explained by the court, the holding in *Adams* was that a defendant could

not obtain review of a sentence that had been agreed to between the state and the defendant. The court then noted that this court had interpreted ORS 138.222(2)(d) too broadly in *Kilborn*, and in the cases that followed it, by holding that the statute precluded review of any sentence that was imposed after a plea agreement, regardless of the content of the agreement. The court found that the legislature's intent in amending ORS 138.222(2)(d) after our decisions was "to permit appellate review of 'illegal' sentences, unless the defendant agreed to *that sentence* ahead of time as part of a 'stipulated sentencing agreement.'" *Id.* at 445 (emphasis supplied).

■    In view of the Supreme Court's explanation of the legislative purpose of ORS 138.222(2)(d), we conclude that the statute was not intended to preclude review of a portion of a sentence that was not agreed to between the state and the defendant in the "stipulated sentencing agreement." *See also State v. Reeves*, 134 Or App 38, 894 P2d 1170 (1995). Accordingly, because the imposition of costs from another case was not agreed to here as part of the stipulated sentencing agreement, that portion of the sentence is reviewable.

Defendant assigns error to that portion of the sentence in this case requiring him to pay $225.56 for a court-appointed defense investigator in Case No. 92-CR-891. The sentencing court's authority to impose costs is set forth in ORS 161.665, which provides, in part:

"(1) The court, *only in the case of a defendant for whom it enters a judgment of conviction,* may include in its sentence thereunder a provision that the convicted defendant shall pay as costs *expenses specially incurred by the state in prosecuting the defendant.* Costs include a reasonable attorney fee for counsel appointed pursuant to ORS 135.045 or 135.050 and a reasonable amount for expenses approved under ORS 135.055 * * * Costs shall not include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law." (Emphasis supplied.)

Defendant argues that, because the investigator's fees were not incurred in the case in which he was convicted, the sentencing court lacked the authority to assess those

costs against him in this proceeding. We first note that the record contains no indication of any factual relationship between the case in which the costs were incurred and this case, and no indication that the investigations of these cases were combined in any way. The state acknowledges that, but takes the position that the expenses incurred in Case No. 92-CR-891 led to the plea bargain in this case and made it possible for the state to obtain a conviction in this case. Thus, it argues, "there was a sufficient connection between the investigatory costs incurred in Case No. 92-CR-891 and defendant's conviction in the present case to permit recovery of costs in both."

■■    We do not agree that the investigatory costs from Case No. 92-CR-891 were incurred by the state in prosecuting defendant in this case, as required by ORS 161.665(1). Under some circumstances, it might be appropriate for a court to assess costs incurred in investigating a case other than the one in which a conviction is entered, such as where the cases are factually related and the costs are incurred as part of a combined investigation. However, as discussed above, that is not the case here. Although the information provided by the defense investigator in Case No. 92-CR-891 may have influenced the plea negotiations, that alone is not sufficient to authorize the imposition of expenses in a case that is factually unrelated to the case in which defendant was convicted.[1] Accordingly, we conclude that the trial court erred in assessing against defendant here the costs incurred in Case No. 92-CR-981.

Motions to reactivate and reconsider allowed; previous opinion vacated. Remanded for entry of corrected judgment.

---

[1] At trial, defendant objected to the imposition of the investigator's fees on the ground that those costs were incurred in a case that was *dismissed*. On appeal, defendant does not specifically argue that the court may not assess costs that were incurred in a case that was not prosecuted to conviction. *See State v. Lake*, 49 Or App 505, 508, 619 P2d 1332 (1980), *rev den* 290 Or 519 (1981). Rather, defendant argues only that the court may not assess costs that were attributable to a case other than the one in which he was convicted.