Submitted on remand from the Oregon Supreme Court March 3, affirmed
May 17, petition for review denied July 18, 1995 (321 Or 397)

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT BRUCE LESLIE,
*Appellant.*

(92-CR-0266, 92-CR-0145;
CA A76472 (Control), A76532)

895 P2d 342

Sally L. Avera, Public Defender, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

When this case was first before us, we affirmed defendant's convictions. 128 Or App 695, 877 P2d 677 (1994). The Supreme Court has remanded for reconsideration. 320 Or 504, 887 P2d 789 (1995).

Defendant pled guilty to sodomy in the first degree and three counts of sexual abuse. The pleas were the result of a plea bargain that included defendant's agreement to plead guilty to the four charges; the district attorney's agreement not to file additional charges; the district attorney's agreement that, if the criminal history score was "D" or above, the state would not request consecutive sentences; and both parties' agreement not to request a departure or optional probation. In addition, the district attorney agreed to file only one charge per victim, not to seek dangerous offender treatment, to credit defendant for time served, and to seek the court's recommendation that defendant be considered for sex offender treatment.

Defendant's appeal is based on the sentence imposed. He contends that the trial court included an expunged conviction in his criminal history. The Supreme Court's remand was for reconsideration in the light of *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), and *State v. Martin*, 320 Or 448, 887 P2d 782 (1994), in which the Supreme Court considered the reviewability of sentences after the defendant had pled guilty or no contest pursuant to a plea agreement. Here, defendant did not stipulate to a sentence, *Kephart*, 320 Or at 447, and review is not precluded by ORS 138.222(2)(d).

However, reconsideration of reviewability only in the light of *Kephart* and *Martin* does not resolve the issue of reviewability in this case. We must also determine whether review is precluded under ORS 137.079(5)(f). Defendant's only prior conviction was for child molestation in California in 1975. Before sentencing, defendant filed a motion to correct his criminal history, ORS 137.079(5)(c), arguing that the conviction should not be included in his criminal history because it had been "expunged" under California law. The sentencing court considered documents submitted by defendant and California law and rejected defendant's argument. On appeal, defendant frames the question presented as

"[whether] a prior conviction for a person crime [may] be considered in computing defendant's criminal history when defendant's plea of guilty to the offense was set aside and the pleading dismissed pursuant to California law prior to sentencing in the immediate proceedings."

ORS 137.079(5)(f) provides:

"*Except as provided in ORS 138.222*, the court's decision on issues relating to a defendant's criminal history shall not be reviewable on appeal." (Emphasis supplied.)

Under ORS 138.222(4)(a), the appellate court may review, in any appeal, a claim that the sentencing court failed to comply with requirements of law in imposing sentence.[1] Under ORS 138.222(4)(b), the appellate court may review a claim that "[t]he sentencing court erred in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes."[2] The Criminal Justice Council reconciled the statutory provisions:

"In order to read [ORS 138.222(4) and ORS 137.079(5)(f)] consistently, one must assume that [ORS 137.079(5)(f)] relates to issues related to the existence or non-existence of a prior conviction. From this perspective, subsection (4) of the new appellate review statute would apply only after the sentencing judge had determined that a prior conviction exists. Once the sentencing judge has determined that the prior conviction exists, the judge's classification of the conviction * * * may be challenged as provided by subsection (4) of the new appellate review statute." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 163 (1989).

In *State v. Holliday*, 110 Or App 426, 824 P2d 1148, *rev den* 313 Or 211 (1992), we discussed the scope of our review under ORS 137.079(5)(f) and ORS 138.222(4)(a) and (b). The defendant sought review of the inclusion in his criminal history of a conviction that he claimed was the result

---

[1] In *State v. Adams*, 315 Or 359, 365, 847 P2d 397 (1993), the Supreme Court rejected the defendant's argument that ORS 138.222(4) was an exception to the limitations on review in ORS 138.222 because the statute applies "in any appeal." The Supreme Court held that "ORS 138.222(3) and (4) are exceptions only to ORS 138.222(2)(e)."

[2] *State v. Golden*, 112 Or App 302, 829 P2d 88 (1992), is an example of review of the *classification* of a prior conviction. There was no dispute about the conviction, only about whether the elements of the crime, as defined in the Pennsylvania statutes, were the elements of the Oregon crime of menacing.

of an uncounseled guilty plea. We noted that review under ORS 138.222(4)(a) of a claim that the court failed to comply with the requirements of law

"would have to include a claim that a constitutionally void conviction was considered in proving criminal history.

"If the sentencing court had concluded that defendant's conviction was uncounseled, but had nonetheless included it in the criminal history, we would review that determination under the authority of ORS 138.222(4)(a)." *Id.* at 430 (citation omitted).

Defendant here does not challenge that he was convicted of child molestation, but claims on appeal that the court could not include that conviction in his criminal history, because it was expunged.[3] Defendant's claim is analogous to including a constitutionally void conviction in the criminal history and is within the scope of review of ORS 138.222(4)(a) that the sentencing court failed to "comply with the requirements of law" in imposing sentence. We finally turn to the merits.

Defendant argues that the trial court erred in including his California conviction because the record shows that the California court had withdrawn his plea and verdict under California Penal Code, Section 1203.4, which provides, as relevant:

"(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of probation, * * * the defendant shall, at any time after the termination of the period of probation * * *, be permitted by the court to withdraw his or her plea of guilty * * * and enter a plea of not guilty * * * [and] the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. * * * *[H]owever, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.*" (Emphasis supplied.)

---

[3] Under OAR 253-04-006(2), an expunged conviction shall not be considered in an offender's criminal history.

The state argues that neither the guidelines nor the Oregon Criminal Code provides a definition for "expunction" for purposes of OAR 253-04-006(2). It contends that, even if OAR 253-04-006(2) is construed to refer to the set-aside remedy in ORS 137.225, which is the closest Oregon provision to an expunction, the order at issue here is not an expunction under the Oregon statute, because the California remedy of Section 1203.4 is far less expansive than the Oregon remedy.

■■ We need not address the state's position, however, because defendant's 1975 conviction was not expunged under the California statute. Section 1203.4(a) allows a conviction to be alleged and proved in the prosecution of any subsequent offense. That was done in this sentencing proceeding. The effect of proving that the conviction existed is to negate the dismissal under Section 1203.4. *See People v. Bradley*, 248 Cal 2d 887, 57 Cal Rptr 82 (1967) (dismissal under Section 1203.4 does not eliminate the conviction as a prior in a subsequent prosecution). The court did not err in including defendant's California conviction in his criminal history and in classifying and imposing sentence under criminal history score "D."

Affirmed.