# STATE OF OREGON,
*Respondent,*

*v.*

# MARSHALL EDWARD MORTON,
*Appellant.*

(10 91 05552; CA A72253)

905 P2d 1182

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

This case is on remand from the Oregon Supreme Court, *State v. Morton*, 320 Or 502, 887 P2d 788 (1995), for reconsideration in the light of *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), and *State v. Martin*, 320 Or 448, 887 P2d 782 (1994). We affirm.

We first conclude that, under the Supreme Court's decisions in *Kephart* and *Martin*, defendant's sentence is reviewable. Accordingly, we turn to the merits of defendant's arguments.

Defendant pleaded guilty to robbery in the first degree and assault in the second degree of victim Goble; robbery in the first degree and assault in the second degree of victim Evans; robbery in the second degree of victim Hensley; and robbery in the second degree of victim Hulegaard. The crimes against the four victims took place in separate incidents. The sentences on all of these crimes were imposed at the same proceeding. The trial court first imposed a sentence of probation on the crime against Hensley, using a criminal history score of "G." When the court imposed sentence for the convictions against victim Goble, it adjusted the criminal history score to "C." It imposed the 60-month presumptive sentence based on gridblock 9-C. The court then adjusted defendant's criminal history to "B" and imposed a 24-month presumptive sentence on the conviction for robbery of Hulegaard. Finally, the court adjusted defendant's criminal history to "A" and imposed a 66-month presumptive sentence for the convictions for the crimes against Evans. The court then ordered the 66-month presumptive sentence to be served consecutively to the 60-month sentence and the two other sentences to be served concurrently with the consecutive sentences.

■ Defendant argues that the trial court erred in sentencing him, because it adjusted his criminal history score based on the other convictions for which sentences were imposed at the same proceeding. However, under the Supreme Court's decision in *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993), the court's adjustment of the criminal history score was proper.

■        Defendant also argues that the sentence was impermissible, because it exceeded the limit set by the "200 percent rule" established in OAR 253-12-020(2). Under the Supreme Court's decision in *State v. Miller*, 317 Or 297, 855 P2d 1093 (1993), the 200 percent rule does not apply to sentences derived from separate criminal episodes. Accordingly, the sentences imposed here did not exceed the 200 percent rule and were proper.

Affirmed.