Argued and submitted July 29, 1991, affirmed January 8, reconsideration denied March 4, petition for review denied April 28, 1992 (313 Or 211)

STATE OF OREGON,
*Respondent,*

*v.*

WILLIE JEROME LEE,
*Appellant.*

(C90-06-33381; CA A67111)

823 P2d 445

Kelly Michael Doyle, Portland, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Warren, P. J., dissenting.

**RIGGS, J.**

Defendant was convicted of robbery in the second degree. ORS 164.405. He challenges both his conviction and the sentence. We write only to address the sentencing issue and affirm.

A store security guard saw defendant take several items and conceal them on his person. When defendant left the store without paying for them, the security guard followed him to the parking lot, identified himself and demanded the items back. When defendant returned only one of them, the security guard demanded the remaining items. Defendant began to walk away; the security guard grabbed him by the arm. Defendant pulled away. He threatened to "cut" the security guard, and the two began to wrestle. They hit each other several times, and defendant hit the security guard on the side of the face with his shoe that had come off. A parking lot security attendant came to the scene and tackled the security guard; defendant got up, got into his car and sped away.

Defendant was convicted of robbery. The trial court imposed a sentence of 24 months, an upward departure from the sentencing guidelines presumptive sentence of 13 to 18 months. The court said that a departure was appropriate in part because of the aggravating factor of violence toward the victim. Defendant argues that the court erred in considering that factor to support a departure.[1]

At sentencing, the trial court found "that the violence involved—which is a part of the crime, there's no question about that—was greater than the violence that is normally found in shoplifts that turn into Robbery II's because of violence." Defendant argues that the evidence does not support the finding of violence. It does. He also argues that the trial court erred in considering violence toward the victim in this case, because use of force is an element of the crime of robbery.

---

[1] Defendant also argues that the court was wrong in considering prior theft convictions as an aggravating factor under OAR 253-08-002(1)(b)(D). Defendant's assignment of error says, "The trial court erred when it improperly ordered an upward departure for the reason that the aggravating element was also an element of the heightened offense." That assignment does not encompass an argument about OAR 253-08-002(1)(b)(D), the similar offenses factor, and we will not consider it.

OAR 253-08-002(2) provides:

"If a factual aspect of a crime is a statutory element of the crime or is used to subclassify the crime on the Crime Seriousness Scale, that aspect of the current crime of conviction may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime."

The purpose of that rule is to prevent consideration of departure facts

"when that consideration would have a duplicating effect on a sentence imposed under these rules. * * * Such a fact may be used to support a departure only if it makes the crime of conviction significantly different from the usual criminal conduct [that] the presumptive sentence is intended to punish." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 45 (1989).

Defendant was convicted of second degree robbery, which includes as an element that the person "uses or threatens the immediate use of physical force upon another person * * *." ORS 164.395; ORS 164.405. He asserts that the trial court erred by comparing the violence in this case with the violence that is "normally found in shoplifts that turn into Robbery II's because of violence." The relevant comparison is between the conduct that defendant engaged in and the crime of conviction, robbery II. The court must consider whether defendant's use of force during commission of the crime makes this robbery II significantly different from the usual criminal conduct that the presumptive sentence for robbery II is intended to punish. That is what the court did.

Affirmed.

**WARREN, P. J.,** dissenting.

I agree that the relevant comparison under OAR 253-08-002(2) is between defendant's conduct and the crime of conviction. 110 Or App at 531. I disagree, however, that we can tell what the trial court compared. The judge's statement that "the violence involved * * * was greater than the violence that is normally found in shoplifts that turn into robbery II's because of violence" does not indicate that he considered the *usual* criminal conduct that is involved in robbery II. Robbery

II can include use of force or threat of use of force to complete a theft. It also involves a representation that the defendant is armed with a dangerous or deadly weapon. ORS 164.405. I cannot tell whether the court was comparing defendant's conduct only to robberies that begin as shoplifts or to the "usual" robbery II. We cannot conduct meaningful review without knowing that. We should remand for the trial court to make the relevant comparison specific.[1] Accordingly, I dissent.

---

[1] Without a specific comparison, we cannot tell whether the court intended to impose an upward departure because it thought that defendant caused or attempted to cause serious physical injury to the victim, a fact that might not be an appropriate aggravating factor. *See* Commentary, *Oregon Sentencing Guidelines Implementation Manual* 125 (1989).