Argued and submitted April 3, convictions affirmed; sentence for burglary in the first degree vacated; remanded for resentencing May 13, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# JASON EDWIN DRAKE,
*Appellant.*

## (C90-12-36951; CA A69738)

832 P2d 44

E. Ted Meece, Portland, argued the cause for appellant. With him on the brief was Deich and Meece, Portland.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant was convicted of burglary in the first degree, ORS 164.225, assault in the second degree, ORS 163.175, assault in the fourth degree, ORS 163.160, and criminal mischief in the second degree. ORS 164.354. He first assigns error to the sentencing court's finding that the burglary conviction comes within grid block 9 C, under which the court imposed 60 months imprisonment.

■■ Under the sentencing guidelines, burglary may be classified in crime category 7, 8 or 9, depending on the circumstances surrounding the offense. OAR 253-04-002, App 2 and 3.[1] A category 8 burglary is distinguished from a category 7 burglary by whether the dwelling was occupied. A burglary is in category 9 if the defendant threatened physical injury *or* was armed with a deadly weapon. Defendant was charged in a five-count indictment. Count 5 alleged that defendant committed a burglary in an occupied dwelling but made no reference to a deadly weapon or a threat of physical injury. Defendant argues that, as a consequence, the indictment cannot support imposition of a category 9 offense sentence.

ORS 135.711 provides:

"For any felony committed on or after November 1, 1989, the accusatory instrument shall allege facts sufficient to constitute a crime or a specific subcategory of a crime in the Crime

---

[1] Appendix 3 provides:

*"CRIME CATEGORY 9*

"Burglary I shall be ranked at Crime Category 9 if any of the following factors were included in the commission of the offense:

"a.) the offender was armed with a deadly weapon; or

"b.) the offender caused or threatened physical injury to the victim.

*"CRIME CATEGORY 8*

"Burglary I shall be ranked at Crime Category 8 if

"a.) the offender did not cause or threaten physical injury to the victim and did not possess a deadly weapon (CC 9); but

"b.) the offense was committed in an occupied dwelling.

*"CRIME CATEGORY 7*

"Burglary I shall be ranked at Crime Category 7 if it cannot be ranked at Crime Category 8 or 9."

Commentary, *Oregon Sentencing Guidelines Implementation Manual* 30 (1989).

Seriousness Scale established by the rules of the State Sentencing Guidelines Board."

The state argues that ORS 135.711 requires only that the *charging instrument* contain allegations as to the pertinent subcategory factors and does not require any particular format or that the subcategory facts appear in the allegations in the relevant counts. It contends that the accusatory instrument, taken as a whole, sets out all the pertinent subcategory facts. It concedes that "clearer pleadings might have been preferable" but argues that the subcategory factors may be gleaned from the other counts and that defendant's convictions for assault show that the necessary physical injury component was proved.

We do not agree that the subcategory circumstances can be "borrowed" from either the acts alleged in charging separate offenses or by evidence that supports convictions of other offenses in the same charging instrument. Each count alleges a separate offense. *See* ORS 132.560(1)(b). ORS 132.550 requires an indictment to contain, *inter alia*:

"(4) A separate accusation or count addressed to each offense charged, if there be more than one; and

"* * * * *

"(7) A statement of the acts constituting the offense in ordinary and concise language[.]"

Subcategory circumstances define the specific conduct with which a defendant is charged, and a sentence cannot be enhanced if those circumstances are not alleged in the offense charged. *See State v. Ripka*, 111 Or App 469, 473, 827 P2d 189 (1992); *State v. Moeller*, 105 Or App 434, 439, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). It was error to find that defendant's burglary conviction comes within category 9.

■ Defendant assigns error to the trial court's failure to grant a motion for judgment of acquittal on the burglary count. He did not preserve the claim of error. His motion for acquittal was specifically addressed to the assault charges. If his assignment is intended to be that the court failed, *sua sponte*, to grant an acquittal, because there was no evidence to support the conviction, he is wrong. There was evidence from

which the jury could conclude that defendant intended to commit a crime while entering or remaining in the dwelling.

■ ■ Defendant also assigns error to the trial court's imposition of an upward departure sentence for his conviction of assault in the second degree. The court found substantial and compelling reasons to depart because of defendant's past involvement in similar offenses and repetitive assaults. It noted that defendant's response to "any kind of situation" is assaultive behavior.

Defendant failed to preserve a claim of error. He cites no portion of the record in which he objected to the court's imposing the sentence. The only possible objection was a passing reference by counsel that "some" of his juvenile records go back "seven years." The record shows that he was aware that the burglary sentence would be enhanced for assaultive behavior, but his argument was that the convictions for burglary and assault should merge.[2] When a defendant wishes to challenge whether the circumstances constitute substantial and compelling reasons to support a departure, he must alert the sentencing court to the objections with specificity. *State v. Orsi/Gauthier*, 108 Or App 176, 180, 813 P2d 82 (1991). Defendant did not do that. *See State v. Newman*, 113 Or App 102, 832 P2d 47 (1992).

Convictions affirmed; sentence for burglary in the first degree vacated; remanded for resentencing.

---

[2] Defense counsel said:

"If we are going to aggravate him for being assaultive in the burglary and then the consecutive sentence for the assault, it appears to be not quite a double jeopardy situation, but certainly double sentencing, two sentences, for the same conduct, really, is the elements fit in to the other one. I am not sure if they merge for conviction purposes or not. I would argue that they do, but certainly should merge for sentencing purposes."