# STATE OF OREGON,
*Respondent,*

*v.*

# WALTER C. NEWMAN,
*Appellant.*

## (CR90-367; CA A67884)

832 P2d 47

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor

General, and Carol J. Fredrick, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant pled guilty to two counts of sodomy in the first degree, ORS 163.405, in exchange for the dismissal of five other counts of sodomy in the first degree. He appeals from the upward departure sentence on one count. We affirm.

Defendant's main argument is that the departure is not supported by substantial and compelling reasons, because the sentencing court considered the age of the victim, Michael, as an aggravating factor. OAR 253-08-002(1)(b)(B).[1] He argues that age could not be considered, because the victim's youth was a necessary element of the crime of sodomy in the first degree as alleged.[2]

■ Defendant is correct that OAR 253-08-002(2)[3] generally precludes use of a statutory element of the crime as an aggravating factor. The court entered written findings, which included that

"[t]he offender knew of the victims' vulnerability including the age of all the boys and the past of Michael * * *, a previous sexual abuse victim, adopted by the offender."

Its oral findings are, in part:[4]

"There were a number of victims involved here, only two of whom were reflected in the plea agreement, but the record reflects there are a number of other victims even within the

---

[1] OAR 253-08-002(1)(b)(B) lists as one of the aggravating factors that

"[t]he offender knew or had reason to know of the victim's particular vulnerability, such as the extreme youth, age, disability or ill health of victim, which increased the harm or threat of harm caused by the criminal conduct."

[2] ORS 163.405(1)(b) provides:

"A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"* * * * *

"(b) The victim is under 12 years of age[.]"

[3] OAR 253-08-002(2) provides:

"If a factual aspect of a crime is a statutory element of the crime or is used to subclassify the crime on the Crime Seriousness Scale, that aspect of the current crime of conviction may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime."

[4] The written findings incorporated "[o]ther factors in the court record."

same indictment. And these victims were in age and vulnerability, particularly sensitive[.] Michael, I will accept the acknowledgment that he was threatened to maintain his silence, and, in addition to his prior abuse, even before he was adopted, he represented a particularly vulnerable person. All of them, by virtue of their age, are vulnerable.

"And [defendant] has been persistently involved in that type of behavior, both reflected in the charges that were dismissed as part of this plea agreement, and by virtue of his own admissions of other conduct of this type. Therefore, I'm satisfied and find that the degree of harm attributed to this current crime, that is Sodomy One, [is] significantly greater than typical for this type of offense."

We do not read those findings as showing that the court enhanced defendant's sentence because Michael was under the age of 12. *See* Commentary, *Oregon Sentencing Guidelines Implementation Manual* 132 (1989); *State v. Lee,* 110 Or App 528, 823 P2d 445, *rev den* 313 Or 211 (1992). The findings show that the court concluded that Michael was particularly vulnerable because he was defendant's adopted child and had previously been sexually abused and because defendant had physically threatened him. The references to age are part of the court's explanation as to why it found that defendant's involvement in similar offenses was an aggravating factor. OAR 253-08-002(1)(b)(D). The similarity was grounded, in part, on the fact that the victims were young, just as Michael was.

Defendant also contends that there was no evidence to establish the degree of typical harm experienced by sodomy victims under age 12 and, therefore, that the court could not have found, as an aggravating factor, that the degree of harm or loss was significantly greater than is typical for such an offense. OAR 253-08-002(1)(b)(J). Defendant did not raise that objection in the sentencing court. If a defendant does not agree that what the trial court found to be an aggravating factor constitutes a substantial and compelling reason to support a departure, he must alert the sentencing court to his objection. *State v. Drake,* 113 Or App 16, 832 P2d 44 (1992); *State v. Orsi/Gauthier,* 108 Or App 176, 813 P2d 82 (1991). Defendant failed to do that here.

Affirmed.