Argued and submitted December 20, 1991, affirmed September 30, reconsideration denied November 25, 1992, petition for reconsideration denied February 23, 1993
(315 Or 443)

# STATE OF OREGON,
## *Respondent,*

*v.*

# JOHNNY LEO HUDSON,
## *Appellant.*

## (90-02-31154; CA A68117)

839 P2d 721

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant was convicted of attempted murder and assault in the first degree with a firearm. The sentencing court imposed an upward durational departure, and defendant appeals. We affirm.

Defendant was with a group of his friends when they were confronted by another group. The victim struck defendant, knocking his glasses off. Defendant then drew a gun and fired at the victim until the gun was empty. Two of the shots struck the victim, and one severed his spinal cord. He is now a paraplegic.

Defendant's criminal history and the crime's seriousness placed him in grid block 9-C for both convictions, with a presumptive sentence of 56 to 60 months for each. The court imposed an upward departure of 90-months incarceration on each conviction, the sentences to run concurrently. The court also imposed a 5-year mandatory gun minimum on the assault conviction. ORS 161.610. It found three aggravating factors to support each departure: Defendant has a record of similar assaultive behavior, OAR 253-08-002(1)(b)(D); the crime resulted in permanent injury to the victim, OAR 253-08-002(1)(b)(I); and the degree of harm or loss caused by the crime was greater than normal, OAR 253-08-002(1)(b)(J). The court also found that the attempted murder was aggravated by the fact that defendant used a weapon in its commission. OAR 253-08-002(1)(b)(E).[1]

■ Defendant contends that the court could not rely on his record of assaultive behavior, because his criminal history was already used to compute his presumptive sentence. We have answered that contention adversely to defendant's position. *State v. Kennedy*, 113 Or App 134, 831 P2d 712 (1992).

■ Defendant next argues that his criminal history does not show persistent involvement in repetitive assaults.[2] As a juvenile, he had been found guilty both of conduct that would

---

[1] The court held that use of a weapon could not aggravate defendant's conviction for assault, because that is an element of the offense. *See* OAR 253-08-002(2).

[2] Although the sentencing court first announced that it was not relying on that factor, it specifically mentioned "similar assaultive behavior" in sentencing defendant.

have constituted robbery in the third degree and theft in the second degree had he been an adult.

At the sentencing hearing, defendant argued that the juvenile offenses did not show personal involvement in "similar assaultive behavior," because that behavior was committed by his companions. However, the presentence investigation report did not absolve defendant. It stated that, during the robbery, defendant and a companion knocked down a customer and wrestled with a store employee when they attempted to shoplift a cigarette lighter. The report said that, during the theft, several women at a garage sale had sustained blows when defendant and companions stole the proceeds. In addition, the report said that, as a juvenile, defendant had pushed the victim and threatened him with a knife when defendant stole a dirt bike. There was evidence to support the court's conclusion that defendant's past actions show a pattern of assaultive conduct. *State v. Guthrie*, 112 Or App 102, 828 P2d 462 (1992).

■■ Defendant next contends that OAR 253-08-002(2) and (3) preclude applying the aggravating factor of use of a weapon to his attempted murder conviction. OAR 253-08-002(2) provides:

> "If a factual aspect of a crime is a statutory element of the crime or is used to subclassify the crime on the Crime Seriousness Scale, that aspect of the current crime of conviction may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime."

However, the court stressed that it was using the factor only to support the departure on defendant's conviction for attempted murder, not on the assault conviction. Use of a firearm is not an element of the crime of attempted murder. *See State v. Newman*, 113 Or App 102, 832 P2d 47, *rev den* 314 Or 176 (1992).

OAR 253-08-002(3) provides:

> "Any aspect of the current crime of conviction which serves as a necessary element of a statutory mandatory sentence may not be used as an aggravating factor if that aspect is also used to impose the mandatory sentence."

The court applied the aggravating factor of use of a weapon to the attempted murder conviction and the gun minimum to the assault conviction. The aggravating factor was not used to support a departure from a sentence that included the gun minimum. The court did not err.

We reject defendant's argument that, because his sentences are concurrent, imposing a gun minimum on one sentence is tantamount to imposing the minimum on both sentences. Separate sentences for separate convictions are treated separately.

Defendant's arguments that the court erred in applying OAR 253-08-002(1)(b)(I) and (J) do not require discussion.

Affirmed.