Argued and submitted December 21, 1995, convictions affirmed; remanded for
resentencing March 6, 1996

### STATE OF OREGON,
*Respondent,*

*v.*

### DAMON LEE PETRIE,
*Appellant.*

(CF 94-0105; CA A85501)

912 P2d 913

Stephen J. Williams, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant seeks modification of the sentences imposed on his convictions for nine felonies. We review the sentences pursuant to ORS 138.222, affirm the convictions and remand for resentencing.

Defendant's convictions arose from a single incident. Officer Humphrey arrested defendant on a concealed weapons charge and handcuffed and placed him in a police patrol car. Subsequently, defendant got into the driver's seat of the patrol car and repeatedly ran the car into and over Officer Parrish until Humphrey shot defendant. Parrish suffered severe injuries. At the time of trial, he was confined to a wheelchair. Although it was thought he might walk again, he had lost the ability to father children.

Defendant was convicted of attempted aggravated murder, first-degree assault, first-degree escape, two counts of unauthorized use of a motor vehicle, first-degree burglary, two counts of first-degree theft, and being a felon in possession of a weapon. In sentencing defendant, the court imposed durational departures on the assault and attempted aggravated murder convictions. The court imposed dispositional departures on the other convictions, sentencing defendant to prison terms for each conviction. Defendant makes two assignments of error.

■    Defendant first argues that the trial court erred by refusing to merge his convictions for attempted aggravated murder and first-degree assault. He argues that, because the incident in which he ran down Parrish took place over a short period of time and was a continuous, uninterrupted course of conduct, the trial court should have merged his convictions for attempted aggravated murder and first-degree assault. Defendant misstates the test for when convictions should be merged. The correct test is:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

ORS 161.062(1); ORS 161.067(1).

■    In this case, to convict defendant of first-degree assault, the state was required to prove that defendant "caus[ed] serious physical injury to another by means of a deadly or dangerous weapon." ORS 163.185(1). To convict defendant of attempted aggravated murder, the state had to show that defendant took a substantial step toward intentionally killing Parrish while Parrish was in the course of his official duties as a police officer. ORS 163.095; ORS 163.115; ORS 161.405. The provision defining first-degree assault required proof of an element, serious physical injury, that attempted aggravated murder did not. Similarly, the provision defining attempted aggravated murder required proof of an element, attempting to kill an officer in the course of his official duties, that first-degree assault did not. That there was only one victim and that defendant's actions were uninterrupted are irrelevant to whether defendant's convictions should be merged. *See State v. Hessel*, 117 Or App 113, 122, 844 P2d 209 (1992), *rev den* 318 Or 26 (1993). The trial court did not err in refusing to merge the convictions.

■    Defendant also argues that the trial court erred in imposing departure sentences on each conviction. In imposing sentence, the trial court referred to several departure factors, each of which could apply to certain of defendant's convictions, but none of which could apply to all. Defendant argues that the trial court improperly relied on certain departure factors for convictions to which those factors could not properly apply. Because not all of the factors would be appropriate bases for departure for every conviction, defendant urges us to remand all the convictions for resentencing.

     The court's findings include four departure factors: 1) defendant's persistent involvement in burglary and theft-type offenses; 2) the greater than usual harm to Parrish as a result of the assault; 3) the permanent injury suffered by Parrish as a result of the attempted aggravated murder; and 4) defendant's lack of amenability to reformation. *See* OAR 253-08-002(1)(b)(D), (J), (I); *State v. Mitchell*, 113 Or App 632, 634, 833 P2d 1324 (1992) (holding that lack of amenability to reformation can be a substantial and compelling reason to support a departure).

     It is clear that each aggravating factor cited by the court could support departures on certain of defendant's

convictions. Defendant's persistent involvement in theft-type offenses could support departures on his convictions for the two counts of unauthorized use of a motor vehicle, first-degree burglary and two counts of first-degree theft. *See State v. Cornelius*, 112 Or App 98, 100-01, 827 P2d 937, *rev den* 314 Or 176 (1992) (prior offenses need not be of the "same" type, but only of "similar" type). The greater than usual harm suffered by Parrish could support a departure on the first-degree assault conviction. *See State v. Lee*, 110 Or App 528, 530-31, 823 P2d 445, *rev den* 313 Or 211 (1992). The permanent injury suffered by Parrish could support a departure on the attempted aggravated murder conviction and the first-degree assault conviction. OAR 253-08-002-(1)(b)(I). Lastly, defendant's lack of amenability to treatment could support dispositional departures on his convictions for first-degree escape, felon in possession of a weapon, two counts of unauthorized use of a motor vehicle, first-degree burglary and two counts of first-degree theft. *See State v. Hill*, 112 Or App 213, 214, 827 P2d 951 (1992) (fact that the defendant had committed many crimes and would not be deterred from criminal activity by being placed on probation is an adequate basis for a dispositional departure from presumptive probation).

It appears from the court's discussion of the aggravating factors, however, that the court improperly relied on the factor of persistent involvement in similar offenses to impose a departure sentence on defendant's attempted aggravated murder conviction. Defendant had no record of prior assaultive offenses, so persistent involvement in offenses similar to attempted aggravated murder is not a factor that would support a departure sentence on the attempted aggravated murder conviction. Because the trial court erred in imposing sentence on the attempted aggravated murder conviction, we must remand all convictions for resentencing. ORS 138.222(5); *see State v. Mitchell*, 136 Or App 99, 101-03, 900 P2d 1083 (1995). On remand, the trial court should identify the evidentiary bases of the aggravating factors that it finds and should clarify on which factor or factors it relies to impose sentence on each conviction.

Convictions affirmed; remanded for resentencing.