Argued and submitted November 20, 1998, affirmed September 15, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## OSCAR CEBALLOS,
*Appellant.*

(96C-21655, 97C-20633; CA A99238 (Control), A99239)
(Cases Consolidated)

986 P2d 680

Robin A. Jones, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Wollheim, Judge, and Warden, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for delivery of a controlled substance. ORS 475.992(1)(b). He contends that the trial court erred in imposing a departure sentence without explaining its reasons and in basing the departure on a finding of persistent involvement in similar offenses that were committed after the crime for which he was being sentenced. The state contends that the court adequately explained the reasons for its departure sentence and that nothing in the law precludes a sentencing court from considering acts committed after the crime for which defendant was being sentenced in determining whether he has been persistently involved in similar offenses. We agree with the state and affirm.

During a traffic stop on October 30, 1996, police found defendant in possession of five bindles of cocaine and $931 in cash. Six months later, on April 28, 1997, police executed search warrants at the residence of defendant's brother and found substantial quantities of amphetamine, cocaine, and marijuana, along with other evidence of drug manufacturing. Police questioned defendant, who admitted that he made deliveries for his brother about two or three times a week.

Defendant ultimately was charged with, and convicted of, possession and delivery of a controlled substance based on the October 30, 1996, traffic stop. In a separate case, he also was charged with, and convicted of, multiple counts of delivery of a controlled substance in connection with his brother's drug operations.

This appeal concerns only the sentencing on the count of delivery of a controlled substance in the first case. Sentencing on the first case occurred on August 7, 1997. The trial court found that, under sentencing guidelines gridblock 4B, defendant's presumptive sentence on the delivery count would be eight to nine months. The court imposed a durational departure from the presumptive sentence, however, based on defendant's persistent involvement in similar activity:

"THE COURT: I think based on persistent involvement in similar offenses, I think [that] there will be a finding that this new offense occurred while another offense was pending disposition.

"I'm prepared to grant—

"DEFENSE COUNSEL: That's a first-time incident. Again, it is our position there is no persistent involvement, but it's really our position that there's no persistent involvement for the first one."

The court explained that its finding was based on information in the presentence investigation report, which described defendant's participation in his brother's drug operations.

■ On appeal, defendant first argues that the trial court did not explain adequately why it departed from the presumptive sentence. The court, however, expressly found that it based its departure sentence on a finding of persistent involvement in similar offenses. We reject defendant's argument without further discussion.

Defendant next argues that, to the extent that the court's decision was based on a finding of persistent involvement, the court erred because a finding of persistent involvement cannot be based on conduct that occurred after the crime of conviction. In this case, defendant observes, the basis for the persistent involvement finding was his participation in his brother's drug operations, which occurred after the conduct for which he was being sentenced. Defendant concedes that "the language of the rule does not expressly state that the similar offenses must have occurred prior to the crime of conviction." He nevertheless contends that we have consistently interpreted the rule to have that effect. As authority for that assertion, defendant cites *State v. Petrie*, 139 Or App 474, 912 P2d 913 (1996), and *State v. Rodriguez*, 113 Or App 696, 833 P2d 1343 (1992). The state argues that nothing in the language of the rule or in our case law requires acts of persistent involvement to have been committed before the commission of the crime for which sentence is being imposed.

OAR 213-008-0002(1) describes the factors that may justify a durational departure sentence. Those factors

include, among other things, "[p]ersistent involvement in similar offenses or repetitive assaults * * * unrelated to the current offense." The rule itself does not specify whether persistent involvement must have occurred before the current offense. In *State v. Clark*, 113 Or App 692, 694, 833 P2d 1341 (1992), we held:

> " 'Persistent' connotes repetition. The factor captures a pattern of criminal behavior that incorporates the offender's inclination to engage in behavior with increasingly serious consequences. A sentencing court is given broad discretion in determining what circumstances warrant imposition of a departure [based on the offender's persistent involvement]."

(Citations omitted.) We did not address whether persistence must be evaluated only retrospectively from the date of the crime of conviction.

The closest we have come to addressing that issue is our decision in *State v. Reeves*, 134 Or App 38, 894 P2d 1170, *rev den* 321 Or 284 (1995). In that case, the trial court justified a departure sentence on the defendant's persistent involvement based on prior unadjudicated assaults and on assaults that he committed while incarcerated pending trial. We affirmed, rejecting the defendant's contention that the assaults that occurred both before and after the crime of conviction were insufficient evidence of persistent involvement. We implicitly held that the assaults committed after the crime of conviction properly could be taken into account in determining whether the defendant had persistently engaged in assaultive conduct.

■ We now make explicit what we implicitly held in *Reeves*: To determine whether a defendant has shown "persistent involvement in similar offenses or repetitive assaults * * * unrelated to the current offense," OAR 213-008-0002(1), the sentencing court may consider similar offenses committed after the current offense for which sentence is being imposed.

Neither of the cases on which defendant relies is to the contrary. In *Petrie*, the issue of whether the sentencing court could consider offenses committed after the commission of the crime of conviction was neither raised nor addressed.

We simply held that the trial court erred in imposing a departure sentence based on persistent involvement because the record contained no evidence of other assaultive behavior. *Petrie*, 139 Or App at 478. Similarly, in *Rodriguez*, the issue before us in this case was neither raised nor addressed. We simply held that more than one prior conviction was required to establish the requisite "pattern" of criminal activity. 113 Or App at 698.

■     In this case, the court based its finding of persistent involvement on defendant's continuous participation in his brother's drug operations during the time that defendant was awaiting trial on the charges of possession and delivery of a controlled substance arising out of the October 1996 traffic stop. We conclude that the trial court did not abuse its discretion in so finding.

Affirmed.