Argued and submitted February 29, sentence vacated and remanded for resentencing; otherwise affirmed May 31, petition for review denied July 25, 2000

(330 Or 412)

# STATE OF OREGON,
*Respondent,*

*v.*

# TIMOTHY NEAL WARREN,
*Appellant.*

## (960735047; CA A97879)

5 P3d 1115

Walter J. Ledesma, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Kaye Ellen McDonald, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Edmonds and Brewer, Judges.

EDMONDS, J.

Brewer, J., concurring in part and dissenting in part.

## EDMONDS, J.

Defendant appeals from his convictions for attempted murder with a firearm, ORS 163.115(1), and assault in the first degree, ORS 163.185. On appeal, defendant makes several assignments of error. We affirm without discussion on all of his assignments of error, except regarding his contention that the trial court erred by imposing consecutive sentences on his convictions. We vacate and remand.

At the trial that resulted in the convictions, there was evidence that the victim encountered defendant and two friends as they were leaving a Portland nightclub. The victim exchanged words with the three men. The jury could have found that defendant took offense to the remarks and "walked" the victim outside the building, while his friends remained inside. Witnesses inside the building heard one or more gunshots. The victim then walked back inside, followed by defendant. At that time, defendant pulled a gun out and shot the victim in the back of the head at close range.

At sentencing, defendant urged:

"There is no question that there was but one criminal episode here, one single act, i.e., one shot fired. In such an event, the statute limits the Court's discretion to impose consecutive sentences. The first such limitation refers to a 'defendant's willingness to commit more than one criminal offense.' ORS 137.123(5)(a). In the case at bar, with one single shot being fired, the evidence of such 'willingness' is altogether lacking. A different scenario might be if one shoots a victim and wounds him but keeps on shooting, for from this could be inferred an intent not to merely injure (Assault) but also to kill.

"The other portion of ORS 137.123(5) which permits the court to impose consecutive sentences arising out of a 'continuous and uninterrupted course of conduct' is subparagraph (b) which speaks in terms of an injury to the victim caused by the offense which is 'greater or qualitatively different' than the injury from the other offense. * * * 'Qualitatively' is not defined in the statute and its ordinary meaning is, referring to quality or kind, as opposed to quantity. Webster's Third New International Dictionary, p. 1858. The 'kind' of injury caused by a bullet that is fired pursuant

to an intent to kill is not demonstrably different from the injury caused by a bullet which is fired as a concomitant of the intent required for the offense of Assault I. There are severe injuries in either case but they are the same kind, physically or metaphysically."

The trial court disagreed with defendant's argument:

"And at this point I am making a factual finding that the attempted murder was not merely an incidental violation of a separate statutory provision in the course of commission of a more serious crime.

"The crime of attempted murder, rather, was an indication of defendant's willingness to commit more than one criminal offense. It indicated that the defendant not only had the willingness to create a serious physical injury to this victim, which he did accomplish, but that the defendant also had an intent to kill this victim, which he failed to realize.

"Further, the Court makes a finding that the crime of attempted murder created a risk of causing greater and qualitatively different loss, injury and harm to this victim. Having the intent to kill creates a risk of causing greater and qualitatively different loss, injury, or harm than merely having the intent to cause serious physical injury.

"The Court, therefore, is going to proceed to sentence to a consecutive sentence for the charge of attempted murder."

■■ The issue is whether the trial court's imposition of consecutive sentences for attempted murder with a firearm and assault in the first degree was error under ORS 137.123(5). That statute provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's *willingness* to commit more than one criminal offense; or

"(b)   The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing *greater or qualitatively different loss, injury or harm* to the victim or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course or conduct." (Emphasis added.)

We do not conduct a *de novo* review of the record in determining whether a consecutive sentence is authorized under ORS 137.123. *State v. Racicot*, 106 Or App 557, 561, 809 P2d 726 (1991). Rather, our standard of review is for errors of law appearing in the record or, in this case, for whether there is evidence to support the trial court's findings. Subsection (5)(a) requires that the criminal conduct for which a consecutive sentence is contemplated be not merely an "incidental" violation of a separate statutory provision but "an indication of defendant's willingness to commit more than one criminal offense." The statute focuses on a defendant's volition or the exercise of his or her will at the time of the commission of the crimes. Apparently, the trial court inferred from the fact that because defendant committed the crime of attempted murder, he also had the willingness to cause serious physical injury to the victim as well. The problem with the trial court's finding is that it could not reasonably infer from the fact that defendant shot the victim in the head at close range that defendant intended to kill the victim *and* that he acted volitionally to cause the victim serious physical injury. If defendant intended to kill the victim by the single shot to the victim's head, he could not have had the intent only to cause him serious physical injury. The statute requires more than an incidental violation of a separate statutory provision in the course of a commission of a more serious crime as a basis for a consecutive sentence. The firing of a single shot into the victim's head by defendant could demonstrate a willingness to commit the crime of murder, but in the absence of findings of other facts that demonstrate a willingness to commit the additional offense of first-degree assault, it was error to impose consecutive sentences under ORS 137.123(5)(a).

Our opinions in *State v. Rojas-Montalvo*, 153 Or App 222, 957 P2d 163, *rev den* 327 Or 192 (1998), and in *State v.*

*Sumerlin*, 139 Or App 579, 913 P2d 340 (1996), are not to the contrary. Both cases involve factual circumstances on which we relied to uphold consecutive sentences under ORS 137.123(5)(a). In *Rojas-Montalvo*, the defendant was sentenced to consecutive sentences for a conviction for unlawful possession of a controlled substance and for unlawful delivery of a controlled substance. The defendant argued that his possession of controlled substances was incidental to his constructive delivery of controlled substances. We observed that, in addition to the large quantities of cocaine in the defendant's possession, there were a small scale, a box of baggies, a pager, and some small plastic bindles containing cocaine. Those facts demonstrated that the defendant had a willingness to commit the crime of delivery of cocaine in addition to the crime of mere possession of cocaine.

In *Sumerlin*, the defendant was convicted of both reckless driving and driving under the influence of intoxicants. The trial court sentenced him to consecutive sentences. On appeal, he challenged the consecutive nature of the sentences. We affirmed, pointing to the fact that "[b]y speeding while driving drunk, defendant showed a willingness to commit both [offenses]." *Sumerlin*, 139 Or App at 589. In both *Rojas-Montalvo* and *Sumerlin*, there were, unlike here, discrete facts that supported an inference that the defendants were willing to commit more than one crime.

██ Regarding its ruling under ORS 137.123(5)(b), the trial court here reasoned that "[h]aving the intent to kill creates a risk of causing greater and qualitatively different loss, injury, or harm than merely having the intent to cause serious physical injury." The court's reasoning assumes that defendant had the intent to cause serious physical injury, as well as the intent to kill the victim. Again, the trial court made no findings that support such an inference. Apparently, the only fact relied on by the trial court is the fact that defendant shot the victim in the head at close range with a gun. In the absence of a finding that reasonably leads to the inference that defendant intended to cause serious physical injury in addition to killing the victim, the trial court's imposition of consecutive sentences was error under subsection (b).[1]

---

[1] We express no opinion on whether the record before the trial court will permit it to impose consecutive sentences under ORS 137.123(5)(b) in the event that it

Sentence vacated and remanded for resentencing; otherwise affirmed.

**BREWER, J.**, concurring in part and dissenting in part.

The majority holds that the trial court erred by imposing consecutive sentences on defendant's convictions, following a jury trial for attempted murder with a firearm, ORS 163.115(1), and assault in the first degree, ORS 163.185. Because the trial court was authorized to impose consecutive sentences under ORS 137.123(5)(a), I dissent from that portion of its disposition.

On May 23, 1996, the victim encountered defendant and two friends at a Portland nightclub. Defendant and his friends were leaving the club when the victim entered. The victim exchanged words with the three men. Defendant took offense to the remarks and "walked" the victim outside the building. Defendant's friends remained inside. Witnesses inside the building heard one or more gun shots. The victim then walked back inside, followed by defendant. At that point, defendant pulled a gun and shot the victim in the back of the head at close range. The victim survived the gunshot wound but suffered extensive permanent injuries. He had no memory of the events surrounding the shooting, although he

makes adequate findings. Moreover, we express no opinion on which conviction is the more serious offense for purposes of the statute. Those questions are left to the trial court on remand. We hold only that the trial court's present finding is insufficient to meet the requirements of the statute. Finally, to the extent that the dissent may believe that the statutory tests for merger of convictions and imposition of consecutive sentences are identical and that the trial court is bound under ORS 137.123(5) by the jury's determination that defendant committed two crimes, we disagree. The merger of convictions for purposes of sentencing is governed by ORS 161.067. Under that statute, multiple convictions arise when the same criminal conduct violates two or more statutory provisions. The question under that statute is whether each statutory provision requires proof of an element that the others do not. In contrast, ORS 137.123(5) focuses on the defendant's willingness to commit more than one offense to determine whether one offense is incidental to the other or whether the risk of qualitatively different harm to the victim occurred. The requirements of ORS 137.123(5) will not necessarily be met in every case where more than one statute has been violated and ORS 161.067(1) is applicable. This case is such an example. Defendant is guilty of attempted murder because he attempted to kill the victim and guilty of assault in the first degree because his attempt to kill the victim resulted in serious physical injury. However, if his only willingness was to kill the victim, ORS 137.123(5) would preclude consecutive sentences despite the multiple convictions for the same conduct.

recognized defendant as the person who shot him. He had surgery and was hospitalized for about two weeks. He was wheelchair bound for weeks after that. He lost full use of his shoulder, his right leg, and he has to wear a leg brace. He suffers from slurred and jumbled speech, as well as impaired vision. The bullet was left in his head following surgery.

The jury found defendant guilty of attempted murder with a firearm and assault in the first degree. At sentencing, the trial court determined that defendant's matrix classification under the sentencing guidelines was 10-C for the assault conviction and 9-C for the attempted murder conviction. The court sentenced defendant as a dangerous offender, ORS 161.725, and imposed a durational departure sentence of 230 months' minimum imprisonment on the assault conviction and a 90-month consecutive sentence on the attempted murder conviction. In explaining the consecutive sentences, the court found:

"Then proceeding to the charge of attempted murder. That's a level nine charge and it's also a Measure 11 charge.

"* * * * *

"And at this point I am making a factual finding that the attempted murder was not merely an incidental violation of a separate statutory provision in the course of commission of a more serious crime.

"The crime of attempted murder, rather, was an indication of defendant's willingness to commit more than one criminal offense. It indicated that the defendant not only had the willingness to create a serious physical injury to this victim, which he did accomplish, but that the defendant also had an intent to kill this victim, which he failed to realize.

"Further, the Court makes a finding that the crime of attempted murder created a risk of causing greater and qualitatively different loss, injury and harm to this victim. Having the intent to kill creates a risk of causing greater and qualitatively different loss, injury, or harm than merely having the intent to cause serious physical injury.

"The Court, therefore, is going to proceed to sentence to a consecutive sentence for the charge of attempted murder."

The trial court made the findings required both by ORS 137.123(5)(a) and (5)(b) in order to impose consecutive sentences. ORS 138.220; *State v. Racicot*, 106 Or App 557, 561, 809 P2d 726 (1991). We do not weigh the evidence underlying those findings but, instead, we review the court's decision to impose consecutive sentences for errors of law. *Id*. Defendant argues that the trial court erred, as a matter of law, in imposing consecutive sentences under both ORS 137.123(5)(a) and (b), which provide that:

"(5)   The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a)   That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of a defendant's willingness to commit more than one criminal offense; or

"(b)   The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

Because consecutive sentences are permissible if authorized under either provision of subsection (5), we must affirm defendant's sentences if the trial court's decision was correct under either subsection (a) or (b). For the reasons explained below, our analysis should begin and end with defendant's challenge to the trial court's decision to impose consecutive sentences under ORS 137.123(5)(a). Defendant asserts that the trial court erred in relying on subsection (5)(a) because "with one single shot being fired, the evidence of * * * 'willingness' is altogether lacking." Defendant reasons that because he admittedly intended to murder the victim, he could not have intended to inflict serious physical injury as well. Defendant argues that the assault was "merely incidental" to his attempt to murder the victim. Defendant is mistaken.

Our decision in *State v. Rojas-Montalvo*, 153 Or App 222, 957 P2d 163, *rev den* 327 Or 192 (1998), informs our analysis in this case. In *Rojas-Montalvo*, the defendant was sentenced consecutively on convictions for unlawful possession of a controlled substance and unlawful delivery of a controlled substance. On appeal, the defendant argued that because he "pleaded guilty to a 'constructive' delivery of cocaine, [t]he court cannot find that the possession of cocaine 'was not merely an incidental violation of a different statutory provision in the course of the commission of a more serious crime.' " *Id.* at 225. We held that the imposition of consecutive sentences was permissible and that the offenses were not merely incidental to one another because "[a] defendant need not possess a controlled substance in order to be found guilty of delivery, * * * and being in possession does not necessarily imply delivery." *Id.*

Defendant notes that the defendant in *Rojas-Montalvo* was willing both to possess and deliver drugs because "the steps taken to obtain the drugs, then package them did indicate a willingness to commit more than one crime." In his quest to distinguish *Rojas-Montalvo*, defendant concedes his intent to commit murder but denies intending to physically injure the victim. There are three flaws in defendant's reasoning, at least two of which are adopted by the majority.

First, defendant does not come to grips with the fact that he was convicted of committing more than one offense as a consequence of his single act. In order to be convicted of separate offenses arising from the same conduct, each of which requires an intentional act, defendant must have intended to commit *more than one offense*. Put differently, if defendant was not willing both to kill and to seriously injure the victim, he could not have been convicted of first-degree assault *and* attempted murder. *See* ORS 163.185; ORS 163.115(1). The majority's conclusion that the trial court was required to make "findings of other facts that demonstrate a willingness to commit the additional offense of first-degree assault," 168 Or App at 5, is simply wrong. The jury determined that defendant was willing to commit both crimes and the trial court properly let stand the jury's verdict.

Second, defendant misses the point of the holding in *Rojas-Montalvo*. There, we decided that consecutive sentences were authorized under ORS 137.123(5)(a) by comparing the nature of the defendant's convictions and determining that it was not necessary to commit one offense in order to commit the other. *Id.*[1] In *Rojas-Montalvo*, the defendant, in a single incident, only *possessed* the cocaine; the delivery was constructive. The defendant's intent to deliver cocaine was inferred from the quantity of drugs and the paraphernalia found in his possession when he was apprehended. In this case, defendant also committed a single act—shooting the victim—from which his willingness to commit two separate crimes could be inferred. Defendant could not be certain that the victim would die as a result of the close range gunshot to the head. Defendant could be reasonably confident, however, that if the victim survived, he would at least suffer serious physical injury. The trial court was entitled to infer, as did the jury, that defendant was willing to seriously injure the victim, assuming that he did not succeed in committing murder.

Thus far, I have not considered the phrasing of ORS 137.123(5)(a) as a whole. However, a third fundamental problem with defendant's view of the case is apparent from a

---

[1] It is interesting, but not necessary to the resolution of this case, to consider the relationship between ORS 137.123(5)(a) and ORS 161.067(1), the statute governing merger of convictions arising from the same conduct or a single criminal episode. ORS 161.067(1) provides:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

Our decision in *Rojas-Montalvo,* by emphasizing differences between the elements of the offenses for which the defendant was convicted, could be read to make virtually indistinguishable the tests for merger of convictions and imposition of consecutive sentences. It is evident from its explanation of the case that the majority disagrees with that reading of *Rojas-Montalvo.* However, even if the court's task under ORS 137.123(5)(a) does not reduce to a comparison of the elements of the offenses for which the defendant was convicted, it is necessary, at a minimum, to examine the circumstances surrounding defendant's conduct in order to determine whether that conduct evinced a willingness to commit more than one offense. For the reasons noted in this opinion, the trial court properly drew that inference in this case. I note, only to save the point for future discussion, that we have previously held that convictions for first-degree assault and attempted aggravated murder do not merge under ORS 161.067 because the elements of the offenses are not identical. *State v. Petrie*, 139 Or App 474, 912 P2d 913 (1996).

straightforward application of the statutory language to the facts. The statute juxtaposes two sets of circumstances, implicitly defining each as the opposite of the other. If the criminal offense for which a consecutive sentence is sought indicates "defendant's willingness to commit more than one criminal offense," it is not "merely an incidental violation of a separate statutory provision in the course of commission of a *more serious crime*." (Emphasis added.)

For reasons that he fails to explain, defendant assumes that the more serious offense—the offense to which the less serious offense must be sentenced consecutively—is attempted murder. That assumption is mistaken. Under ORS 137.123(5)(a), the "more serious" offense of conviction is first-degree assault, a category 10 offense. Attempted murder is assigned a ranking of 9 on the crime seriousness scale. *See* Oregon Criminal Justice Commission Sentencing Guidelines Implementation Manual, App-1, 2; OAR 213-004-0005; OAR 213-003-0001(17) (primary offense is offense with highest crime seriousness ranking).[2] Under the statute, the sentencing court would have been required to impose concurrent sentences only if defendant's attempt to murder the victim was merely incidental to the assault and, thus, defendant did not evince a willingness to commit both crimes. However, defendant concedes his willingness to commit attempted murder, the *less* serious offense under the guidelines, and the offense for which the consecutive sentence was imposed. Because defendant touts his willingness to commit the less serious offense, it makes no sense to conclude that its commission was merely an incidental violation of a separate statutory provision in the course of committing assault. Commission of the less serious offense, rather, indicated defendant's willingness to commit more than one criminal offense.

In spite of the single act done, the offenses that defendant committed were not merely incidental to one

---

[2] First-degree assault and attempted murder are each Measure 11 offenses for which the mandatory minimum sentences are 90 months' imprisonment. ORS 137.707. Thus, an argument could be made that the legislature has determined, despite the provisions of the Sentencing Guidelines, that the offenses are of equal gravity. Assuming that to be true does not alter the result in this case because, in either event, attempted murder is not the *more serious* offense.

another and the trial court did not err in imposing consecutive sentences for defendant's convictions under ORS 137.123(5)(a). It is not necessary to address defendant's argument that the court erred in concluding that ORS 137.123(5)(b) also authorized the imposition of consecutive sentences.

I respectfully dissent.