Argued and submitted June 9, 2011, affirmed April 18, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONALD A. BENNETT,
*Defendant-Appellant.*

Tillamook County Circuit Court
081205; A143290

277 P3d 586

Rankin Johnson IV argued the cause and filed the brief for appellant.

Doug M. Petrina, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.*

SERCOMBE, J.

———————
* Brewer, J., *vice* Rosenblum, S. J.

**SERCOMBE, J.**

Defendant appeals a judgment of conviction for second-degree escape, ORS 162.155. He contends that the trial court erred in imposing an upward departure sentence of 50 months' imprisonment and 12 months' post-prison supervision based on the aggravating factor that he had committed burglary while he was on escape status. Specifically, he argues that the court was precluded, as a matter of law, from considering conduct that occurred after his escape in determining whether substantial and compelling reasons existed for departure. For the reasons that follow, we affirm.[1]

The relevant facts are few and undisputed. Defendant escaped from South Fork Forest Camp and, while he was still at large, committed burglary. Shortly thereafter, defendant was apprehended. He pleaded guilty to burglary in August 2008. Almost a year later, in July 2009, defendant pleaded guilty to second-degree escape. At sentencing on the escape conviction, the trial court found that, under sentencing guidelines grid block 6-A, defendant's presumptive sentence would be 25 to 30 months' imprisonment. However, the court imposed an upward departure sentence based on the aggravating factor that defendant had committed burglary while he was on escape status.

On appeal, defendant contends that the court erred in basing the departure on his burglary conviction because he committed burglary *after* he had escaped from South Fork. In

---

[1] In his only other assignment of error, defendant contends that the trial court plainly erred in imposing a sentence that exceeded the 60-month statutory maximum indeterminate sentence for the crime of escape. *See* ORS 161.605(3) (providing that the maximum sentence for a Class C felony is 60 months). The state concedes that the sentence was unlawful but asserts that the issue is moot because the trial court entered an amended judgment reducing the length of the sentence to the statutory maximum. We take judicial notice of the trial court's case register in the Oregon Judicial Information Network (OJIN), which serves as the official register. *See* ORS 7.010 (records of circuit and appellate courts include register); ORS 7.020 (register to note the date of making filing and entry of, among other things, a judgment). The case register confirms that the court entered an amended judgment on November 2, 2010. Defendant does not dispute the state's representation that that amended judgment reduced the length of his sentence to the statutory maximum. Accordingly, we conclude that defendant's challenge to the length of his original sentence is moot.

defendant's view, a court may not consider a defendant's conduct that occurs after the crime of conviction in determining whether there are substantial and compelling reasons to depart. The state responds that nothing in the sentencing guidelines establishes that limitation and notes that we rejected a similar argument in *State v. Ceballos*, 162 Or App 477, 986 P2d 680 (1999), *rev den*, 330 Or 252 (2000).

Under OAR 213-008-0001, a court may depart from a presumptive sentence if there are substantial and compelling reasons for doing so. That rule does not define "substantial and compelling." However, OAR 213-008-0002(1) (Mar 8, 1996)[2] provides a "nonexclusive list of mitigating and aggravating factors [that] may be considered in determining whether substantial and compelling reasons for a departure exist." That list does not include the factor that the court relied on in this case.[3]

Defendant acknowledges that the list of factors in OAR 213-008-0002(1) is nonexclusive and that that rule does not explicitly prohibit a court from relying on a defendant's post-offense conduct to support a departure sentence. However, he argues that the list includes only factors that relate to an "offender's history" and the circumstances of the current offense. Based on that understanding of the rule, defendant invokes the principle of *ejusdem generis* to assert that a court may not rely on post-offense conduct when imposing a departure sentence. As the Supreme Court has explained, the *ejusdem generis* statutory construction principle "serves to confine the interpretation of [a] general term according to one or more common characteristics of the listed examples." *State v. Kurtz*, 350 Or 65, 74, 249 P3d 1271 (2011).

---

[2] All citations to OAR 213-008-0002 reference the version of the rule that became effective on March 8, 1996.

[3] Additionally, in order to impose a departure sentence, a "court must explain why the circumstances are sufficiently exceptional—that is, it must show that imposing the presumptive sentence would fail to accomplish the purposes of the sentencing guidelines to 'punish offenders appropriately and to ensure the security of the public.'" *State v. Agee*, 223 Or App 729, 744, 196 P3d 1060 (2008) (quoting *State v. Wilson*, 111 Or App 147, 150, 826 P2d 1010 (1992)). Defendant does not assert that the court failed to adequately explain why the circumstances in this case warranted a departure sentence.

We conclude that a court may consider a defendant's conduct that occurred after the crime for which the defendant is being sentenced in determining whether there are substantial and compelling reasons for departure. Defendant's argument that the collection of enumerated factors in OAR 213-008-0002(1) implies that a court is prohibited from considering post-offense conduct is not supported by the text of the rule or the relevant case law. Indeed, one mitigating factor included in the list expressly permits a court to consider whether "[t]he offender cooperated with the state with respect to the current crime of conviction or any other criminal conduct by the offender or other person." OAR 213-008-0002(1)(a)(F). Under the terms of the rule, a defendant's cooperation "with respect to the current crime of conviction" is necessarily post-offense conduct. Cooperation with respect to "other criminal conduct" is not limited to conduct prior to the crime of conviction. Thus, at least one enumerated factor in OAR 213-008-0002 expressly contemplates a trial court's consideration of post-offense conduct when sentencing a defendant.

In addition, OAR 213-008-0002(1)(b)(D) provides that a court may consider as an aggravating factor a defendant's "[p]ersistent involvement in similar offenses or repetitive assaults." In *Ceballos*, we held that, "[t]o determine whether a defendant has shown persistent involvement, * * * the sentencing court may consider similar offenses committed *after* the current offense for which sentence is being imposed." 162 Or App at 481 (internal quotation marks and citation omitted; emphasis added); *see also State v. Reeves*, 134 Or App 38, 894 P2d 1170, *rev den*, 321 Or 284 (1995) (affirming a finding of persistent involvement where the defendant committed assaults while incarcerated pending trial). Necessarily, then, the list of factors in OAR 213-008-0002(1) cannot be read to prohibit consideration of a defendant's post-offense conduct. The court did not err in relying on defendant's burglary conviction in support of the departure sentence.

Affirmed.