Argued and submitted December 20, 2019; remanded for resentencing, otherwise affirmed January 23, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SARAH JEAN SELLARDS,
*Defendant-Appellant.*

Clackamas County Circuit Court
17CR83603; A168452

459 P3d 961

Ulanda L. Watkins, Judge.

Emily P. Seltzer, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction for first-degree burglary and attempted fourth-degree assault. Defendant assigns error to the trial court's finding that the burglary conviction comes within sentencing grid block 9-H based on defendant threatening or attempting to cause physical injury. *See* OAR 213-017-0003(11) (placing first-degree burglary in crime category (CC) 9 "[i]f offender was armed with a deadly weapon, or caused, threatened or attempted physical injury; otherwise CC 8 or 7").

Defendant pleaded guilty to the charged offenses. For the first-degree burglary count, the indictment alleged:

"The defendant, on or about November 25, 2017, in Clackamas County, Oregon, did unlawfully and knowingly enter a dwelling located at 15117 SE Oatfield Road, Milwaukie, with the intent to commit the crime of theft therein.

"The state further alleges that the above-described offense was committed in an occupied dwelling."

For the attempted fourth-degree assault count, the indictment alleged:

"The defendant, Sarah Jean Sellards, on or about November 25, 2017, in Clackamas County, Oregon, did unlawfully and intentionally attempt to cause physical injury to [the victim]."

Additionally, the indictment alleged that the offenses were "of the same or similar character, based on the same act or transaction, and/or based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." That language was necessary so that the two counts could be joined in the indictment. ORS 132.560(1)(b). The trial court found that defendant was in sentencing grid block 9-H for the burglary count based on the allegations in the joined assault count.

On appeal, defendant reprises her argument from below that the state was required to allege in the burglary count the subcategory facts to enhance the crime category for burglary and could not use the allegations from the

assault count to do so. The state responds that the indictment was sufficient in this case because it included an allegation that the two offenses occurred "based on the same act or transaction."

Defendant is correct, and we reject the state's argument. ORS 132.557(1) provides:

> "When a person is charged with a crime committed on or after November 1, 1989, that includes subcategories under the rules of the Oregon Criminal Justice Commission, the state is required to plead specially in the indictment, in addition to the elements of the crime, any subcategory fact on which the state intends to rely to enhance the crime for sentencing purposes. *The state shall plead the elements and subcategory facts in a single count.*"

(Emphasis added.) The trial court erred in relying on allegations in the assault count to enhance the crime category for the burglary count. We have long held that it is error to do so. *See State v. Drake*, 113 Or App 16, 19, 832 P2d 44 (1992) ("Subcategory circumstances define the specific conduct with which a defendant is charged, and a sentence cannot be enhanced if those circumstances are not alleged in the offense charged."). The requirement in ORS 132.557(1) that the state must plead crime elements and subcategory facts "in a single count" cannot be met merely by pleading allegations that satisfy the joinder statute. Accordingly, we remand this case for resentencing.

Remanded for resentencing; otherwise affirmed.