No. 522 July 31, 2024 81

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADRIAN FERNANDEZ,
*Defendant-Appellant.*

Lane County Circuit Court
21CR40459; A179207

Jay A. McAlpin, Judge.

Argued and submitted February 7, 2024.

Marc D. Brown, Senior Deputy Director, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant appeals a judgment of conviction for first-degree online sexual corruption of a child, ORS 163.433 (Count 1), challenging his presumptive sentence imposed under the felony sentencing guidelines. In his sole assignment of error, he contends that the sentencing court "erred when it used crime seriousness category 8 to sentence defendant on Count 1." Defendant does not contest that the applicable rules put his crime of conviction in category 8, but he argues that the resulting presumptive sentence is disproportionate in violation of Article I, section 16, of the Oregon Constitution. We conclude that the alleged error is unreviewable and therefore affirm.

The relevant facts are procedural. Defendant was convicted of first-degree online sexual corruption of a child, which is a felony. ORS 163.433(2). Under the felony sentencing guidelines, first-degree online sexual corruption of a child is classified in category 8 on the crime seriousness scale, OAR 213-017-0004(12), and defendant's criminal history classification was H, so his grid block was 8-H. *See* ORS 137.669 ("Except as provided in ORS 137.637 and 137.671, the incarcerative guidelines and any other guidelines so designated by the Oregon Criminal Justice Commission shall be mandatory and constitute presumptive sentences."); OAR 213-003-0001(16) ("'Presumptive sentence' means the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime seriousness ranking of the current crime of conviction and the offender's criminal history or a sentence designated as a presumptive sentence by statute.").

At sentencing, defendant did not challenge his grid block, but he argued that imposing the presumptive sentence for that grid block would violate Article I, section 16, which requires that "all penalties shall be proportioned to the offense." The sentencing court disagreed. It sentenced defendant to 20 months of imprisonment and 36 months of post-prison supervision, which is within the presumptive range for grid block 8-H. OAR ch 213, App 1 (the presumptive sentence for grid block 8-H is 19 to 20 months of imprisonment and three years of post-prison supervision).

On appeal, defendant contends that the sentencing court "erred when it used crime seriousness category 8 to sentence" him. He does not dispute that the rules put him in category 8 but again argues that the resulting presumptive sentence is unconstitutional. Specifically, he argues that it violates vertical proportionality principles for online sexual corruption of a child to be classified in crime seriousness category 8, because other sexual offenses classified in category 8 are "more serious" in that they involve physical contact, because the "more serious" offenses of third-degree rape and third-degree sodomy are classified in crime seriousness category 6, and because the crimes of attempted third-degree rape and attempted third-degree sodomy, which defendant views as "functionally equivalent" to his crime, are classified in crime seriousness category 4.

The state urges us to reject defendant's claim of error as unreviewable. It relies on ORS 138.105(8)(a)(A), which provides that "[t]he appellate court has no authority to review *** [a] sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission."

Defendant responds that his presumptive sentence is reviewable under ORS 138.105(8)(c)(A), which is an express exception to ORS 138.105(8)(a). Under ORS 138.105(8)(c)(A), "the appellate court has authority to review whether the sentencing court erred *** *[i]n ranking the crime seriousness classification of the current crime* or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes." (Emphasis added.) Defendant contends that his claim that the sentencing court "erred when it used crime seriousness category 8 to sentence" him is thus reviewable.

Whether defendant's claim is reviewable under ORS 138.105(8) presents an issue of statutory construction, which is a question of law. *State v. Rusen*, 369 Or 677, 509 P3d 628 (2022) (taking that approach to reviewability under ORS 138.105(9)). When construing a statute, we seek to ascertain the intent of the legislature by examining the disputed provision's text and context, as well as any helpful

legislative history of which we are aware. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009).

We begin with the text. The disputed portion of ORS 138.105(8)(c)(A) allows appellate review of claims that the sentencing court erred "[i]n ranking the crime seriousness classification of the current crime." The plain text suggests that the exception applies only to ranking errors, such as when the rules provide for a certain crime seriousness category and the sentencing court uses a different crime seriousness category.

That construction is strongly supported by case law applying the statutory predecessor of ORS 138.105(8). *Former* ORS 138.222 (1989), *repealed by* Or Laws 2017, ch 529, § 26, was enacted as part of the same bill that created the felony sentencing guidelines. Or Laws 1989, ch 790, § 21; *State v. Althouse*, 359 Or 668, 675-76, 375 P3d 475 (2016) ("In the same bill in which the legislature approved the sentencing guidelines and directed courts to impose a presumptive sentence provided by the applicable grid block, the legislature also enacted the statute that currently is codified as ORS 138.222."). It contained provisions materially identical to those in current ORS 138.105(8). It disallowed appellate review of "[a]ny sentence that is within the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board," *former* ORS 138.222(2)(a) (1989), but contained an exception for claims that the "sentencing court erred in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes," *former* ORS 138.222(4)(b) (1989).

In 2017, the legislature repealed *former* ORS 138.222 (2015) as part of an overhaul of statutes related to criminal appeals, and it enacted in its place ORS 138.105 (2017) for appeals by defendants and ORS 138.115 (2017) for appeals by the state.[1] Or Laws 2017, ch 529, §§ 13, 14, 26; *State v. Davis-McCoy*, 300 Or App 326, 329, 454 P3d 48 (2019). The provisions codified at ORS 138.105(8)(a), (b), and (c) (2017)—and identical provisions in ORS 138.115(6)—were

---

[1] The former statute applied to appeals by either party. *Former* ORS 138.222(7) (1989).

"intended to restate the limits on reviewability" of felony guideline sentences that had been in *former* ORS 138.222(2)(a) through (c) (2015), *former* ORS 138.222(3) (2015), and *former* ORS 138.222(4)(b) and (c) (2015). Exhibit 37, Senate Committee on Judiciary, SB 896, Apr 6, 2017, 21 (Report of the Direct Criminal Appeals Work Group on SB 896 (2017), Oregon Law Commission).

Because the reviewability exception in ORS 138.105(8)(c)(A) is materially identical to its statutory predecessor, we look to case law regarding *former* ORS 138.222 as informative. *State v. Cloutier*, 351 Or 68, 100, 261 P3d 1234 (2011) ("Our analysis of [the statute] is also informed by this court's prior construction of that statute or its predecessors."); *see also Lindell v. Kalugin*, 353 Or 338, 349, 297 P3d 1266 (2013) ("Case law existing at the time of the adoption" of a statute "forms a part of the context."). We find two cases to be particularly informative.

The first is *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den*, 522 US 994 (1997). In that case, the sentencing court decided that it would be unconstitutional to impose a sentence under ORS 137.700 (Measure 11) for the defendant's crime and so imposed the felony guideline sentence instead. *Id.* at 599-600. The state sought a writ of mandamus. *Id.* at 600. Before reaching the merits, the Supreme Court addressed whether mandamus was an appropriate remedy and concluded that it was because the sentence was unreviewable on direct appeal. *Id.* at 600-08.

Addressing reviewability under *former* ORS 138.222 (1995), the *Huddleston* court explained that a "presumptive sentence" refers to the sentence provided by the rules of the Oregon Criminal Justice Commission. *Id.* at 603. The defendant had been sentenced in accordance with the rules of the Oregon Criminal Justice Commission, so he had received a "presumptive sentence" within the meaning of the reviewability statute. *Id.* at 605. Further, the court explained, the state was necessarily challenging a presumptive sentence by arguing that the defendant should have received a different sentence from the presumptive sentence, that is, the Measure 11 sentence. *Id.* at 605-06. Considering text, context, and legislative history, the court concluded that "appellate review

is not available to challenge a presumptive sentence when a conviction is placed in the proper grid block." *Id.* at 606. "With respect to those cases in which the trial court imposed a presumptive sentence on a conviction that was placed in the proper grid block, the stated intention [of the legislature] was that appellate review would not be available." *Id.* at 607. It did not matter how the defendant came to receive a presumptive sentence. *Id.* (finding nothing in the legislative history to suggest "that the reason for imposing the presumptive sentence, or the reason for *not* imposing a different (higher or lower) sentence, would matter" (emphasis in original)).[2]

The second informative case is *State v. Munro*, 109 Or App 188, 818 P2d 971 (1991), *rev den*, 312 Or 588 (1992). There, the defendant claimed on appeal that the sentencing court had miscalculated his criminal history score in determining his grid block under the felony sentencing guidelines. *Id.* at 190-91. The reviewability exception in *former* ORS 138.222(4)(b) (1991) allowed appellate review of errors "in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes." Applying that exception, we concluded that the claim was reviewable. *Id.* at 191-92. We understood "classification" to be a "clear" reference "to the crime seriousness scale and criminal history scale that make up the sentencing guidelines grid."[3] *Id.* at 191. Because the defen-

---

[2] In response to *Huddleston*, the legislature enacted *former* ORS 138.222(4)(c) (1997) to allow review of claims that a "sentencing court erred in failing to impose a minimum sentence that is prescribed by ORS 137.700." Or Laws 1997, ch 852, § 9; *see State v. Dubois*, 152 Or App 515, 954 P2d 1264 (1998) (recognizing change in law). However, as to the issue for which we cite *Huddleston*, the Supreme Court reaffirmed *Huddleston* in *Althouse*, 359 Or at 676-77.

[3] Regarding the crime seriousness scale, see OAR 213-004-0002(1) ("The Crime Seriousness Scale consists of eleven categories of crimes. Each crime category represents crimes of relatively equal seriousness. The complete Crime Seriousness Scale is set forth in OAR 213-017-0000 through 0011.").

Regarding the criminal history scale, see OAR 213-004-0006(1) ("The Criminal History Scale includes nine mutually exclusive categories used to classify an offender's criminal history according to the extent and nature of the offender's criminal history at the time the current crime or crimes of conviction is sentenced. The nine categories in the scale are labeled alphabetically and are arranged in order of seriousness from the most serious (Criminal History Category A) to the least serious (Criminal History Category I).") and OAR 213-004-0006 (rules to determine a person's criminal history category).

dant was claiming that the sentencing court had misapplied a guideline rule and thus miscalculated his criminal history score, his claim was reviewable. *Id.* at 192; *see also State v. Rathbone II*, 110 Or App 419, 823 P2d 432 (1991), *rev den*, 313 Or 300 (1992) (concluding that the defendant's challenge to his presumptive sentence was reviewable under *former* ORS 138.222(4)(b) (1991), where he claimed that the sentencing court did not comply with the rules regarding unranked offenses when it put his racketeering conviction in crime seriousness category 9).

Both *Huddleston* and *Munro* support our reading of the plain text of ORS 138.105(8)(c)(A). We understand a sentencing court to err "[i]n ranking the crime seriousness classification of the current crime," ORS 138.105(8)(c)(A), when it misapplies the rules of the Oregon Criminal Justice Commission regarding the crime seriousness scale that are part of the felony sentencing guidelines.

In this case, it is undisputed that the sentencing court correctly applied the rules of the Oregon Criminal Justice Commission when it ranked defendant's crime of conviction in crime seriousness category 8 and defendant's criminal history in category H, and it is undisputed that the court imposed a sentence within the presumptive sentencing range for grid block 8-H. The sentencing court therefore cannot be said to have erred "[i]n ranking the crime seriousness classification of the current crime," so as to come within the exception in ORS 138.105(8)(c)(A).

Notwithstanding how he has framed his assignment of error, defendant is not really claiming that the sentencing court erred in ranking the crime seriousness classification of his crime of conviction. The only way that defendant could claim *misranking* by the sentencing court is if the rules provided for the sentencing court to use a lower crime seriousness ranking in these circumstances and the court failed to do so. We are unaware of any authority, however, that would have allowed the court to use a lower crime seriousness ranking than it did. What defendant is really challenging is not misranking by the sentencing court but, instead, the constitutionality of the Oregon Criminal Justice Commission's crime seriousness scale, specifically the rule

classifying first-degree online sexual corruption of a child in crime seriousness category 8. That is not a challenge that comes within the scope of ORS 138.105(8)(c)(A).

For those reasons, we conclude that defendant's presumptive sentence under the felony sentencing guidelines is unreviewable under ORS 138.105(8)(a)(A).

Affirmed.