38 December 26, 2024 No. 925

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAMANTHA WILLIAMS CRAIG,
*Defendant-Appellant.*

Douglas County Circuit Court
20CR52406, 22CR07678, 22CR27036, 22CR35422,
22CR56958, 22CR60060; A181088 (Control), A181089,
A181090, A181091, A181092, A181093

Ann Marie Simmons, Judge.

Submitted September 5, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Vacated and remanded.

## AOYAGI, P. J.

Defendant was charged with numerous offenses in six separate cases. Pursuant to a plea agreement, she pleaded no contest to 14 charges, and the parties agreed to recommend probation. The trial court rejected that recommendation and sentenced defendant to 95 months in prison. On appeal, defendant assigns error to the trial court's failure to ask her whether she wanted to withdraw her pleas. Under ORS 135.390(5)(b), "[i]f the court determines that the agreed disposition recommendation is inappropriate in a particular case, the court shall so advise the parties and allow the defendant an opportunity to withdraw the plea." The state responds that the claim of error is unreviewable and, in any event, fails on the merits. As explained below, we conclude that the claim of error is reviewable and that ORS 135.390(5)(b) required the trial court to ask defendant whether she wanted to withdraw her pleas. We therefore vacate and remand for defendant to be given an opportunity to withdraw her pleas.

### FACTS

Over a two-year period, defendant was charged in multiple cases with numerous crimes related to identity theft, mail theft, and drug possession. On March 3, 2023, the parties appeared for a hearing and advised the court that they had reached a plea agreement. Defendant was represented at that hearing by a public defender, Mr. Bouck. Under the plea agreement, defendant would plead no-contest to 14 charges in six cases; all other charges would be dismissed; and the parties would recommend a downward departure sentence of 18 months on probation, with a special condition of probation that defendant complete drug court, and with a 75-month prison sentence to be imposed in the event of probation revocation.

The court engaged in a colloquy with defendant to ensure that her pleas were voluntarily and intelligently made. As part of its initial remarks, the court described the agreed-upon sentence, told defendant that the court was not required to impose that sentence, and asked defendant whether she understood that. Defendant confirmed that

she did. The court went through the charges in each case, accepted defendant's pleas, and had the prosecutor make a record of the factual basis for each count to which defendant had pleaded no contest. Defendant was convicted of 14 crimes based on her pleas.[1]

Once the plea portion was finished, the court turned to sentencing. One of the victims of defendant's crimes made a statement. The prosecutor and defense counsel each argued in support of the agreed-upon sentence. Defendant then made a statement. The court was troubled by defendant's statement and expressed concern that it did not bode well for her success on probation. The court decided that it needed some time to consider its options, including to decide whether "in the end" it would be able to impose the agreed-upon disposition and, if not, what it would impose instead:

> "I cannot find it in good conscience to place you on a downward departure in these cases after that. So I think maybe it would be good for me to, I, I realize that everybody would like to be done with this today. I would too. But I am not sitting here feeling like I'm in a position to do what the agreed upon deal is. And I may not be able to do that in the end but I need to figure out what we are gonna do in that event."

Defense counsel responded, "We would rather come back than force the issue under these circumstances then, Your Honor." The court set another hearing for March 8, 2023.

When the hearing resumed on March 8, defendant was represented by a different public defender, Mr. Swallow. The hearing was very short (five transcript pages). The court began by stating, "So I indicated previously that I'm not going to be following the agreement of the parties." The court then sentenced defendant in each case, imposing a total prison sentence of 95 months.

---

[1] In case number 20CR52406, defendant was convicted of three counts of mail theft, ORS 164.162. In case number 22CR07678, defendant was convicted of identity theft, ORS 165.800. In case number 22CR27036, defendant was convicted of first-degree theft, ORS 164.055; fraudulent use of a credit card, ORS 165.055(4)(b); and five counts of computer crime, ORS 164.377(5)(b). In case number 22CR35422, defendant was convicted of mail theft, ORS 164.162. In case number 22CR56958, defendant was convicted of first-degree failure to appear, ORS 162.205. In case number 22CR60060, defendant was convicted of computer crime, ORS 164.377(2).

Defendant appeals. In her sole assignment of error, she argues that the trial court erred in failing to give her an opportunity to withdraw her pleas.

## REVIEWABILITY

The state argues that defendant's claim of error is unreviewable because this court lacks authority to review the validity of a no-contest plea or of a conviction based on a no-contest plea. *See* ORS 138.105(5) ("[t]he appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest," subject to exceptions not applicable here). Defendant counters that she is challenging the sentencing procedure, *see* ORS 138.105(7) ("the appellate court has authority to review any sentence to determine whether the trial court failed to comply with requirements of law in imposing or failing to impose a sentence," subject to exceptions not applicable here), and that requiring the court to comply with the requirements of law for imposing a sentence on a guilty or no-contest plea is fundamentally different from challenging the validity of the plea or conviction.

We agree with defendant, as this case is analogous to *State v. Johnson*, 288 Or App 220, 406 P3d 139 (2017). In that case, the parties entered into a tentative plea agreement governed by ORS 135.432, and the trial court departed from that agreement in sentencing, without giving the defendant an opportunity to withdraw his plea as required by ORS 135.432(3). *Johnson*, 288 Or App at 221; *see* ORS 135.432(3) ("If the trial judge concurs, but later decides that the final disposition of the case should not include the sentence concessions contemplated by the plea agreement, the trial judge shall so advise the defendant and allow the defendant a reasonable period of time in which to either affirm or withdraw a plea of guilty or no contest."). We concluded that the claim of error was reviewable and proceeded to the merits. *Johnson*, 288 Or App at 225-26 & n 4.[2] Although this case

---

[2] In *Johnson*, we relied on a case decided under *former* ORS 138.222(4)(a), *repealed by* Or Laws 2017, ch 529, § 26. The successor statute contains "materially identical" language. *State v. Fernandez*, 334 Or App 81, 85, 555 P3d 350 (2024).

involves a different statute governing a different plea situation, the statutes are similar in nature, and there is no apparent reason that the claim of error in *Johnson* would be reviewable but the claim of error in this case unreviewable. We therefore conclude that the claim of error is reviewable.

CONSTRUCTION OF ORS 135.390(5)(b)

Turning to the merits, we must first decide the scope of our review. Defendant perceives that she is limited to plain-error review because she did not raise the issue of plea withdrawal herself, and the state readily agrees.[3] However, "we have an independent obligation to assess preservation, regardless of what position the parties take." *State v. Taylor*, 323 Or App 422, 427 n 3, 523 P3d 696 (2022). In this case, we choose to excuse preservation due to an unusual confluence of circumstances.

"Preservation rules are pragmatic as well as prudential." *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008). The preservation requirement sometimes "gives way entirely, as when a party has no practical ability to raise an issue." *Id.* Here, at the conclusion of the hearing on March 3, the trial court had not made a final decision whether to follow the agreed-upon disposition, so defendant was not yet entitled to an opportunity to withdraw her pleas, and there was no basis for her counsel to make any objection. When the hearing resumed on March 8, one would have expected the court to advise the parties that, after further consideration, it had decided not to follow the agreed-upon disposition, then ask defendant whether she wanted to withdraw her pleas—or fail to ask at which point defense counsel could have objected.

Instead, the court inadvertently misstated that it had already told the parties that it would not impose the agreed-upon disposition ("So I indicated previously that I'm not going to be following the agreement of the parties.") and proceeded to sentencing. And because the attorney representing defendant on March 8 had not been present on March 3, he was not in a position to recognize the disconnect

---

[3] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct "plain" errors. ORAP 5.45(1); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (describing plain-error review).

and the resulting skipping of a procedural step.[4] If the two attorneys conferred later and realized what had happened, we are unaware of any "formal or established mechanism" to raise the issue at that point. *State v. Keene*, 317 Or App 19, 23, 24, 505 P3d 418 (2022) (excusing preservation where it was unrealistic to expect a contemporaneous objection and "there was no formal or established mechanism for defendant" to object later).

Excusing preservation under the circumstances is consistent with the pragmatic and prudential nature of preservation rules. Moreover, if given an opportunity to withdraw her pleas, defendant either will or will not do so, just as would have occurred on March 8 had she been given the opportunity then. A decision in defendant's favor does not give her any kind of windfall, and it "deprives neither the state nor the trial court of procedural fairness." *Id*. at 23-24.

We proceed to the statutory construction question. The parties agree that this case is subject to ORS 135.390(5), which applies when "the district attorney has provided a plea offer and agreed disposition recommendation to the defendant as provided in ORS 135.405 and the defendant is entering a guilty plea based on the plea offer and agreed disposition recommendation."[5] ORS 135.390(5)(a). They disagree, however, as to what ORS 135.390(5)(b) requires in such a situation.

ORS 135.390(5)(b) states that, if the court accepts the plea, it must either impose the agreed-upon disposition or "advise the parties" if it decides that the agreed-upon

---

[4] There is no way to know on this record whether defendant was aware of her right to withdraw her pleas or what, if anything, she told either attorney on that issue before March 8, and we decline to speculate on those points as relevant to whether some conversation could have occurred that would make us less likely to excuse preservation.

[5] Although the parties do not mention it, we note that ORS 135.390(5), which was added to the statute in 2001, refers to "a guilty plea," whereas ORS 135.390(1) and (3), which were part of the original 1973 enactment, refer to "a plea of guilty or no contest." Or Laws 1973, ch 836, § 168; Or Laws 2001, ch 635, § 11. For present purposes, we accept the parties' position that ORS 135.390(5) applies here and express no opinion on any potential significance to the variance in statutory language between subsections.

disposition is inappropriate "and allow the defendant an opportunity to withdraw the plea." Specifically:

> "(a) *** Except as otherwise provided in paragraph (b) of this subsection, if the court finds that the plea is voluntarily made, the court shall impose sentence as provided in the agreed disposition recommendation.

> "(b) If the court determines that the agreed disposition recommendation is inappropriate in a particular case, *the court shall so advise the parties and allow the defendant an opportunity to withdraw the plea.*"

ORS 135.390(5) (emphasis added).

Defendant reads ORS 135.390(5)(b) as requiring the trial court to advise the parties if it decides not to impose the agreed-upon disposition, then ask the defendant whether they want to withdraw their plea in light of that decision, before imposing a different sentence. The state disagrees. It argues that the statute imposes a "passive" requirement, rather than an "affirmative" one, putting the onus on the defendant to raise the issue of plea withdrawal. In the state's view, it is untenable to read ORS 135.390 (5)(b) as requiring the trial court to "immediately stop the proceedings" and "expressly offer" the defendant an opportunity to withdraw the plea.

The parties' dispute presents an issue of statutory construction. "Issues of statutory construction present questions of law that we review for legal error." *State ex rel Rosenblum v. Living Essentials, LLC*, 371 Or 23, 33, 529 P3d 939 (2023). "We resolve those questions by seeking to give effect to the intent of the legislature as demonstrated by the text, context, and any helpful legislative history." *Id.*; *see State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009) (describing methodology).

When words are not statutorily defined, we usually presume them to have their ordinary meaning. *Gaines*, 346 Or at 174. The ordinary meaning of "opportunity" is "a combination of circumstances, time, and place suitable or favorable for a particular activity or action." *Webster's Third New Int'l Dictionary* 1583 (unabridged ed 2002). That definition and three aspects of the statutory context, taken together,

lead us to conclude that the legislature intended "opportunity" in ORS 135.390(5)(b) to refer to a distinct point in time at which the court asks the defendant whether they want to withdraw their plea.

First, ORS 135.390 is generally concerned with the voluntariness of pleas and puts the onus on the trial court to determine voluntariness. That lends at least some support to reading ORS 135.390(5)(b) as requiring the court to ensure that the defendant is voluntarily proceeding with the plea notwithstanding the court's decision not to impose the agreed-upon disposition.

Second, ORS 135.390(5)(b) contains two closely related requirements. It requires the trial court to "advise the parties" if it decides that the agreed disposition recommendation is inappropriate, then "allow the defendant an opportunity to withdraw the plea." The only way to "advise the parties" is to make an express statement. The statute therefore necessarily contemplates a moment in the proceedings in which the trial court expressly advises the parties of its decision not to impose the agreed-upon disposition. Given that context, it seems likely that the legislature intended the next event—the defendant being allowed to withdraw the plea—to also involve an express statement by the court. That is, it seems likely that the legislature intended the court to follow its express notice that it is not going to impose the agreed-upon disposition with an express question whether the defendant wants to withdraw the plea in light of that decision. Contrary to the state's characterization, a court need not "stop the proceedings" to ask that question. Asking the question is part of the proceedings, flows naturally from the immediately preceding notice, and is no more disruptive than pausing to wait and see whether the defendant says anything about plea withdrawal.

Third, under ORS 135.390(5)(b), the trial court must "*allow the defendant an opportunity* to withdraw the plea." (Emphasis added.) If the statute provided only that the court must "allow the defendant to withdraw the plea," the state might have a better argument that the court need not affirmatively ask about plea withdrawal, only "allow" it upon request. *Cf.* ORS 135.365 ("The court may at any time

before judgment, upon a plea of guilty or no contest, permit it to be withdrawn and a plea of not guilty substituted therefor."). But that is not what it says. ORS 135.390(5)(b) directs the court to give notice, then "allow the defendant an opportunity to withdraw the plea." In context, that strongly suggests that the *court* is supposed to provide the opportunity, in conjunction with advising the parties of its rejection of the disposition recommendation, rather than the onus being on the defendant to find an opportunity to raise the issue.

The last consideration is legislative history. The parties have not provided any legislative history, and our own review of the legislative history has not revealed anything helpful on the present point of statutory construction.

Accordingly, based on the text in context, we construe ORS 135.390(5)(b) as requiring the trial court, in proceedings subject to ORS 135.390(5), to advise the parties if it decides that the agreed disposition recommendation is inappropriate, then ask whether the defendant wants to withdraw the plea in light of the court's decision not to impose the agreed-upon disposition. Because that procedure was not followed here, we vacate and remand, so that defendant may be given the opportunity to withdraw her pleas in light of the trial court's decision not to impose the recommended disposition.

Vacated and remanded.