280                  January 2, 2025                  No. 12

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SCOTT ANDREW CLARK,
*Defendant-Appellant.*

Josephine County Circuit Court
23CR07132; A181694

Pat Wolke, Judge.

Submitted November 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for one count of felony delivery of a controlled substance, ORS 475.752 (Count 1), and one count of first-degree theft, ORS 164.055 (Count 4), entered after defendant pleaded guilty to those offenses. On Count 1, the trial court sentenced defendant to 96 months in prison; on Count 4, it sentenced defendant to 13 months in prison to run consecutive to Count 1. On appeal, in his only assignment of error, defendant contends that the trial court plainly erred in "impos[ing] the prison sentences to run consecutively," because the state and defendant had agreed that the sentences would run concurrently, and, therefore, under ORS 135.407(4), the trial court was required to impose the sentence on Count 4 concurrent with the sentence on Count 1.[1] Defendant asks this court to "reverse the sentences and remand to the trial court with instructions to * * * impose the sentences concurrently." The state responds, among other points, that "the legal point defendant advances—that ORS 135.407(4) required the trial court to follow the parties' agreement with respect to concurrent sentences—is not 'obvious' and 'beyond reasonable dispute.'" For the reasons below, we affirm.

"An error is 'plain' when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences." *State v. Tacia*, 330 Or App 425, 428, 543 P3d 713 (2024) (some internal quotation marks omitted).

In our view, given the applicable statutory scheme, it is not obvious that ORS 135.407(4) *required* the trial court to impose concurrent sentences in this case. That said, the trial court may have erred, because ORS 135.390 may have required the trial court to ask defendant whether he wanted to withdraw his plea after it made the decision to run the sentence on Count 4 consecutive to the sentence on Count 1,

---

[1] ORS 135.407(4) provides, "The district attorney and defendant may stipulate to a specific sentence within the presumptive range provided by rules of the Oregon Criminal Justice Commission for the stipulated offender classification. If the sentencing judge accepts the plea agreement, the judge shall impose the stipulated sentence."

and it did not ask defendant whether he wanted to do so. *See State v. Craig*, 337 Or App 38, 46, ___ P3d ___ (2024) (concluding that "ORS 135.390(5)(b) * * * require[es] the trial court, in proceedings subject to ORS 135.390(5), to advise the parties if it decides that the agreed disposition recommendation is inappropriate, then ask whether the defendant wants to withdraw the plea in light of the court's decision not to impose the agreed-upon disposition"). Defendant, however, does not currently assert the trial court plainly erred by not asking him whether he wanted to withdraw his plea.

To the contrary, defendant initially raised a second assignment of error in this case in which he contended that the trial court erred under ORS 135.390 when it imposed "a sentence that deviated from the plea agreement without offering defendant the opportunity to withdraw his plea," but he filed a motion, which we granted, withdrawing that assignment of error. Thus, we do not understand defendant to be seeking to withdraw his plea, which, presuming that the agreement between the state and defendant was subject to ORS 135.390, would be the remedy available to defendant as a result of the error.

Because defendant does not seek to withdraw his plea, even assuming, without deciding, that the trial court plainly erred by not giving defendant an opportunity to withdraw his plea under ORS 135.390 before sentencing him to a consecutive term of incarceration, in this particular circumstance, given the interests of the parties and considering judicial efficiency, we would not exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (in determining whether to exercise discretion to correct plain error we may consider the "competing interests of the parties"); *State v. Garlitz*, 287 Or App 372, 381-82, 404 P3d 1090 (2017) (recognizing that judicial efficiency is a factor in determining whether to exercise discretion to correct plain error).

In declining to exercise our discretion, we recognize that judicial efficiency is a factor that "often offers little useful guidance" in determining whether to exercise our discretion to correct plain error, because "[p]rinciples of judicial efficiency weigh against our review in nearly all cases where

review of unpreserved issues [is] under consideration." *State v. Benz*, 289 Or App 366, 372, 409 P3d 66 (2017). Suffice it to say that, in cases such as this one, where a defendant takes affirmative steps to withdraw from this court's consideration a remedy that may be available to him—*e.g.*, by withdrawing an assignment of error that asserted a right to such a remedy—principles of judicial efficiency become more salient to the question of whether to exercise our discretion.

Affirmed.