No. 550 June 18, 2025 365

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUCAS WAYNE TYRREL,
*Defendant-Appellant.*

Marion County Circuit Court
22CR43530; A180211

David E. Leith, Judge.

Submitted October 15, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, J.*

ORTEGA, P. J.

Affirmed.

_____
 * O'Connor, Judge, *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for felon in possession of a firearm, ORS 166.270 (Count 1), challenging the imposition of a sentence of 24 months incarceration and 24 months of post-prison supervision. Defendant argues that during sentencing, the trial court erroneously weighed his refusal to plead guilty and decision to exercise his right to a jury trial against him. The state contends that because the sentence is within the presumptive range of the Oregon Criminal Sentencing Guidelines, it is unreviewable under ORS 138.105(8)(a)(A). We agree with the state and, accordingly, affirm.

ORS 138.105(8)(a)(A) states that "[t]he appellate court has no authority to review *** [a] sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission." The maximum presumptive sentence for defendant's Crime Severity Classification and Criminal History Classification was 24 months' incarceration and three years of post-prison supervision, and the trial court sentenced defendant to 24 months' incarceration and 24 months' post-prison supervision. Defendant does not challenge on appeal the trial court's determination in "ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes," for which ORS 138.105(8)(c) (A) provides an exception to ORS 138.105(8)(a)(A).

As we have previously held, without a viable argument on appeal under ORS 138.105(8)(c)(A), "defendant's presumptive sentence under the felony sentencing guidelines is unreviewable under ORS 138.105(8)(a)(A)." *State v. Fernandez*, 334 Or App 81, 86-88, 555 P3d 350, *rev allowed*, 373 Or 121 (2024)[1] (noting that case law interpreting the statutory predecessor of ORS 138.105(8)(a)(A), *former* ORS 138.222 (1995), held that appellate review would not be available for presumptive sentences resulting from a conviction that was placed in the proper grid block); *see also State*

_____

[1] *Fernandez* is currently under review by the Oregon Supreme Court to determine whether ORS 138.105(8)(a)(A) denies an appellate court authority to review an Article I, section 16, proportionality challenge to a sentence.

*v. Martin*, 320 Or 448, 451, 887 P2d 782 (1994) (holding that a presumptive sentence was not reviewable under *former* ORS 138.222 because the defendant was sentenced using the proper grid block). On this record, we cannot conclude that the trial court committed legal error when defendant does not challenge the grid block by which he was sentenced, and where the sentence did not exceed the presumptive sentencing guidelines.

Affirmed.