512 June 10, 2026 No. 526

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAMMIEN CHARLES FOWLER,
aka Dammien Charles Flowers, aka Dee Fowler,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR43292; A184833

Kathie F. Steele, Judge.

Submitted March 3, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction entered after he pleaded guilty to attempted first-degree robbery (Count 2) and unlawful use of a weapon (Count 4). In a single assignment of error, defendant argues that the trial court violated ORS 135.390(5)(b)[1] when it did not allow him the opportunity to withdraw his pleas before the trial court imposed a sentence that was 40 months longer than the district attorney's recommended sentence in the plea agreement. The state responds that defendant's claim of error is unreviewable, unpreserved, and wrong on the merits.

Even assuming that defendant's argument is reviewable, we conclude that he cannot demonstrate reversible error because any error is not plain.

Defendant made no objection to the trial court's imposition of the 130-month sentence, so his argument is unpreserved. Although defendant asks us to excuse him from the preservation requirements, he has not established a basis for us to do so. We thus review for plain error to determine whether there is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

By its terms, ORS 135.390(5) applies only when a plea agreement contains an "agreed disposition recommendation" for the sentence to be imposed:

"(a)  If the district attorney has provided a plea offer and *agreed disposition recommendation* to the defendant as provided in ORS 135.405 and the defendant is entering a guilty plea based on the plea offer and *agreed disposition recommendation*, the court shall determine whether the plea is voluntarily made. Except as otherwise provided in paragraph (b) of this subsection, if the court finds that the plea is voluntarily made, the court shall impose sentence as provided in *the agreed disposition recommendation.*

---

[1] ORS 135.390(5)(b) provides that "[i]f the court determines that the agreed disposition recommendation is inappropriate in a particular case, the court shall so advise the parties and allow the defendant an opportunity to withdraw the plea."

"(b)    If the court determines that the *agreed disposition recommendation* is inappropriate in a particular case, the court shall so advise the parties and allow the defendant an opportunity to withdraw the plea."

(Emphases added.)

Here, it is neither "obvious" nor beyond dispute that there was an agreed disposition recommendation between defendant and the state; indeed, the record indicates that there was not. Although the plea agreement indicated that defendant and the state stipulated that defendant would serve 70 months for Count 2 and 60 months for Count 4, that was not the disposition recommendation. The plea agreement permitted the state to advocate for 20 months of the sentence on Count 4 to run consecutively, for a total of 90 months imprisonment, and allowed defendant to argue for both sentences to run fully concurrently, for a total of 70 months imprisonment. Defendant and the state thus presented different disposition recommendations to the trial court. That fact distinguishes this case from our decision in *State v. Craig*, 337 Or App 38, 563 P3d 389 (2024), in which we held that trial court erred when it did not provide the defendant with an opportunity to withdraw her plea before it imposed a sentence that deviated from that which was agreed to in the plea agreement, because in *Craig*, the parties presented an agreed disposition recommendation for probation. *Id.* at 39, 46. Because this record is missing a condition precedent to the application of the statute, defendant cannot establish plain error.[2]

Affirmed.

---

[2] Given our disposition, we need not address the state's alternative argument that ORS 135.390(5) does not apply because that statutory provision applies only to the type of plea agreements addressed in ORS 135.405(5). We express no opinion on that issue.